(105 So. 682)
**STEINER v. TOWN OF CAPITOL HEIGHTS.**
**(3 Div. 719.)**

(Supreme Court of Alabama. Oct. 15, 1925.)

1. **Municipal corporations** ⬥950—**Holders of improvement bonds held to have no action against town for sufficiency of assessments to pay bonds.**

Where assessments made and collected by town are insufficient to pay sidewalk and paving improvement bonds issued under Code 1907, § 1411, as amended by Gen. Acts (Sp. Sess.) 1920, p. 155, bondholders have no right of action against town for deficiency, statute declaring that such bonds shall be a charge only against funds collected from assessments and there being no provision in statute for reassessment to meet deficiency.

2. **Municipal corporations** ⬥950—**Town not liable for diversion of funds from assessment collected for payment of improvement bonds.**

Holders of improvement bonds issued by a town under Code 1907, § 1411, as amended by Gen. Acts (Sp. Sess.) 1920, p. 155, cannot maintain an action against town on the ground that funds collected from assessments have been diverted for purposes other than payment of bonds since, under sections 1413 and 1414, the liability for such diversion is fixed on official charged with the duty of collecting assessments, and on members of governing body aiding such diversion.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by L. Steiner against the Town of Capitol Heights. Judgment for defendant, and plaintiff appeals. Affirmed.

See, also, 211 Ala. 640, 101 So. 451.

Sternfeld & Lobman and James J. Mayfield, all of Montgomery, for appellant.

The municipality having failed to discharge its duty with respect to the assessments, the bondholder has a remedy by action against the municipality for the amount due on the bonds or damages. Dillon on Mun. Corp. §§ 827, 893; Beard v. City of Brooklyn,

31 Barb. (N. Y.) 142; Oklahoma City v. Orthwein, 258 F. 190, 169 C. C. A. 258; 5 McQuillin, Mun. Corp. 2260; Ft. Dodge E. & P. Co. v. Ft. Dodge, 115 Iowa, 568, 89 N. W. 7; Nolen v. Reading, 235 Pa. 367, 84 A. 390; Gabel v. Altoona, 200 Pa. 15, 49 A. 367; Reilly v. City of Albany, 112 N. Y. 30, 19 N. E. 508; O'Neil v. City of Portland, 59 Or. 84, 113 P. 655; Comm. Nat. Bank v. Portland, 24 Or. 188, 33 P. 532, 41 Am. St. Rep. 854; Morris v. Sheridan, 86 Or. 224, 167 P. 593; Dennis v. Willamina, 80 Or. 486, 157 P. 799; Barber Asphalt Co. v. Denver, 72 F. 336, 19 C. C. A. 139.

Steiner, Crum & Weil, of Montgomery, for appellee.

Counsel urge the correctness of the judgment appealed from, and cite Town of Capitol Heights v. Steiner, 211 Ala. 640, 101 So. 451, 38 A. L. R. 1264.

MILLER, J. This is a suit by L. Steiner against the town of Capitol Heights, a municipality. The plaintiff is the owner of certain sidewalk paving improvement bonds issued by defendant, which have matured, and the assessment made and collected in full by defendant from the adjacent property improved was insufficient to pay in full the principal, evidenced by the bonds issued—part of which plaintiff owns. The defendant refused to pay the balance due on the bonds because there are no funds from the assessments against the property with which to pay it.

There are 9 counts in the complaint. Demurrers were sustained by the court to counts 1, 2, 3, 4, and 8, and overruled as to counts 5, 6, 7, and 9. The defendant pleaded general issue with leave to give in evidence as a defense any and every matter that might be specially pleaded.

The cause was tried by the court without a jury on an agreed statement of facts, judgment was rendered in favor of the defendant, and this appeal is prosecuted by plaintiff from that judgment. The rulings of the court adverse to plaintiff on demurrers to counts 1, 2, 3, 4, and 8 of the complaint, and the judgment of the court in favor of the defendant on the proof are the errors assigned.

This cause with the same 9 counts in the complaint and with the same agreed statement of facts has been in this court before on appeal (211 Ala. 640, 101 So. 451. The averments in the complaint and the facts in the agreement of the parties are stated particularly in the former opinion, and will not be here repeated, except when necessary for discussion of the questions presented.

Counts 1, 2, 3, 4, and 8 aver there were insufficient funds collected by the defendant from the assessments against the property abutting on the sidewalks improved with

which to pay in full the principal and interest debts evidenced by the bonds and interest coupons. Plaintiff in count 1 alleges this deficit is due to the carelessness and negligence of the officials of defendant in making the assessments against the abutting property improved, and failing thereby to provide a fund sufficient to pay the interest on the bonds and to redeem them at maturity. Count 2 avers this deficit was due to the fact that defendant, through its officials, negligently issued and sold bonds in excess of the amount that was assessed, and grossly in excess of the anticipated revenue from the special assessment. In count 3 plaintiff alleges this deficit was due to the negligence of the defendant, through its officials, in making an assessment against the abutting property insufficient in amount to pay the interest and principal of the bonds at maturity. In count 4 it is alleged the deficit was due to the fact that the defendant, through its officials, negligently issued bonds in excess of the amount that was assessed and grossly in excess of the anticipated revenue from the special assessment. Plaintiff in count 8 alleges the deficit was due to the fact the defendant has made and levied an assessment or betterment tax on the abutting property insufficient to pay the principal and interest of the bonds, and the defendant now declines and refuses to make an additional assessment and levy on such property to pay the balance due on the bonds. Each count shows the defendant is a town, a municipality, having a population of less than 6,000, and in issuing these bonds the defendant was acting under the authority of the statute (section 1411, Code 1907), the pertinent parts of which read as follows:

"Any city or town having a population of less than six thousand may, notwithstanding the amount or character of any bonded or other indebtedness, issue such bonds, but the same shall be a lien or charge only against the property improved and against the fund collected from the assessments levied against the property improved, and shall not be the general obligation of the city or town, nor shall such city or town be in any way liable to the holders of such bonds in case of failure to collect the same."

This statute was amended (Gen. Acts Sp. Sess. 1920, p. 155), but this addition to it has no bearing on this cause.

It will be observed that this statute expressly states such bonds shall not be the general obligation of the defendant, the city or town, nor shall such city or town be in any way liable to the holders of such bonds in case of failure to collect same. This language is broad and comprehensive, and evidences the intent and purpose of the Legislature that the town, the defendant, shall not be liable to the plaintiff, the holder or owner of such bonds in any way, either by action ex contractu or ex delicto. Liability cannot be placed on the defendant, the town or city, for the nonpayment of the bonds or the interest thereon, either directly or indirectly by the holders or owners thereof. Then each bond, the contracts between the parties, apparently approves this construction of this statute. A copy of the bond is attached as an exhibit to and made part of each of these counts. The bonds on their face and in their body state they are "issued by virtue and in pursuance of section 1411 of the Code of Alabama of 1907, for the purpose of paving the sidewalks of a part of Madison avenue, as provided by an ordinance adopted December 6, 1912, and this bond is a lien only against the property improved and against the funds collected from the assessments levied against the property improved, and is payable solely from the said assessments."

There is no provision in the statutes for a reassessment to meet the deficiency, and the city officials without authority from the statute cannot now do so. The plaintiff, the holder and owner of the bonds, must look for payment from the funds collected from the assessments made and levied for the special purpose of paying the same. This court so held on the former appeal, and it was clearly correct under this statute and the bonds. It results that not one of the counts numbered 1, 2, 3, 4, and 8 of the complaint states a cause of action against the defendant, and the demurrers to each were properly sustained by the trial court. Section 1411, Code 1907; Town of Capitol Heights v. Steiner, 211 Ala. 640, 101 So. 451, and authorities there cited.

[2] Count 5 alleges issuance of the bonds, and that they are now due and unpaid. Counts 6 and 7 allege that some of the funds collected, arising from this tax assessment, were used by defendant for purposes other than payment of the bonds and interest thereon; that a part of the funds so collected were diverted by paying expenses incurred in collecting the assessments, expenses for obtaining an audit of this fund, and for legal opinion in and about the bonds and assessments. Count 9 is the common count.

It appears from the agreed statement of facts in the record that the defendant has collected the full amount of the funds due under the assessment and levy made on the property for the purpose of paying these bonds and the interest thereon; that defendant has paid plaintiff on the bonds owned and held by him the pro rata of the assessment collected and this leaves a balance of $1,297 due him on his bonds. The defendant had from this assessment insufficient funds to pay all the bonds in full at maturity, and that said insufficiency arose in said funds from the following facts:

"(1) That the town of Capitol Heights made an insufficient assessment with which to pay said bonds in full at their maturity, and there was an insufficient fund with which to pay said bonds at their maturity; (2) that out of the

said funds collected from the said assessments expenses for collecting delinquent assessments from property owners was expended and disbursed; (3) that from said funds certain moneys were expended for the purpose of paying for a legal opinion as to the liability of the town of Capitol Heights for any insufficiency of said funds; (4) that certain moneys were expended for an audit of said funds by the town of Capitol Heights; that the statement hereto attached marked Exhibit A, made by M. W. Aldridge, certified public accountant, is a true and correct statement of the deficit in said funds and of the manner in which said deficit has been brought about; that the defendant corporation had an audit made in August, 1921; that at that time the audit showed that there would be insufficient funds with which to pay said bonds in full at maturity; that this arose from the fact that insufficient assessments had been made; that although this was brought to the attention of the town of Capitol Heights no steps were taken to make any additional assessments and no steps have ever been taken to provide additional funds by additional assessments."

These bonds of plaintiff show on their face that they were issued by virtue and in pursuance of section 1411 of the Code of 1907, for the purpose of paving the sidewalks of a part of Madison avenue in the town of Capitol Heights, and the bonds are a lien only against the property improved and against the funds collected from the assessments levied against the property improved, and each bond states that it "is payable solely from the said assessments."

The statute states the city or town, the defendant, shall not in any way be liable to the holders of such bonds in case of failure to collect same, and the bonds shall not be a general obligation of the defendant. Section 1411, Code 1907, as amended Acts 1920, p. 155. And the statute expressly provides, if any fund or part thereof collected from the assessment is diverted to the payment of any bonds or coupons or indebtedness of the city or town other than the bonds and interest coupons and indebtedness authorized to be paid out of said funds, and if any of the holders of said bonds sustain a loss or injury thereby, then the city official charged with the duty of collecting the assessments shall be liable on his official bond to the holder of the bonds for such loss or injury; and all members of the governing body of the city or town, who shall by their vote or in any other manner cause, aid, or encourage any such diversion, whereby loss or injury to the bondholders or any of them is caused, shall be jointly and severally liable to such bondholders injured to the extent of such loss or injury. Section 1414, Code of 1907. If any of the funds collected from the assessment and levy have been diverted by an official or officials of defendant paying claims from it, which are not authorized to be paid out of it by statute, which prevented in part the full payment of the bonds, then the defendant is not liable for any such diversion (section 1411, Code of 1907, as amended Acts 1920, p. 155) ; but the statute specially declares who is liable therefor to the holder of the bonds (sections 1413, 1414, Code of 1907). Town of Capitol Heights v. Steiner, 211 Ala. 640, 101 So. 451.

The evidence shown by the agreed statement of facts does not disclose a cause of action against the defendant, it does not show a right of recovery by plaintiff against the defendant, and the trial court properly rendered a judgment in favor of the defendant on the evidence. Town of Capitol Heights v. Steiner, 211 Ala. 640, 101 So. 451, and authorities therein cited.

The record is free from error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.