(117 So. 306)
**YOUNG v. CITY OF TUSCUMBIA.**
(8 Div. 20.)

Supreme Court of Alabama. June 7, 1928.

Municipal corporations ⟨⟩864(3)—Improvement ordinance bonds, issued while city had no authority to issue general obligations, was not general obligation of city (Acts 1907, p. 295, § 17, as amended by Acts 1907, p. 645; Const. 1901, § 226).

Where city of Tuscumbia, a city of less than 6,000 population at time, which Constitution (1901), under section 226, exempts from debt limit imposed therein, adopted initial improvement ordinance June 20, 1907, at which time city could issue general obligations under Acts 1907, p. 295, § 17, but bonds were not issued until 1908, after amendatory Act of August 14;

1907, Acts 1907, p. 645, prohibiting issue of such general obligations, plaintiff could not recover on such improvement ordinance bonds as general obligation of city.

Appeal from Circuit Court, Colbert County; Charles P. Almon, Judge.

Action on bonds by B. T. Young against the City of Tuscumbia. Plaintiff takes a nonsuit and appeals from adverse ruling on pleading, sustaining demurrer to the complaint. Affirmed.

Kirk & Rather, of Tuscumbia, for appellant.

Ordinance No. 1 was adopted before section 17 of the Act of March 5, 1907, was amended. The rights of the holder of the bonds accrued from the adoption of the ordinance. Bailey v. Levi, 213 Ala. 80, 104 So. 415. The amendatory Act of August 14, 1907, is not to be given a retroactive construction. 36 Cyc. 1205, 1210, 1223. Tuscumbia is excepted from the debt limitation of sections 225, 226, of the Constitution. Howard v. East Lake, 155 Ala. 525, 46 So. 754; Blakey v. Montgomery, 144 Ala. 481, 39 So. 745; Ryan v. Mayor, etc., 155 Ala. 479, 46 So. 638. The charter of Tuscumbia authorized it to contract, sue, and be sued generally. Acts 1886, p. 547. The complaint is in Code form, and is sufficient. Code 1923, § 9531. A general law cannot be held to be repealed by a later one, if it be possible to reconcile the two so as to permit both to stand without violating sound principles of construction. Board of Rev. v. Johnson, 200 Ala. 533, 76 So. 859.

A. H. Carmichael, Jr., and W. H. Shaw, both of Tuscumbia, for appellee.

There was no authority for the issuance of the bonds except the Act approved March 5, 1907, and as amended. The bonds show on their face that they were issued under said act as amended. Tuscumbia was in the class of cities referred to in section 17 of the Act of March 5, 1907, and said section as amended. It will be presumed that the Legislature, in adopting the amendment, intended to make some change in the existing law. 36 Cyc. 1165; Lehman, Durr & Co. v. Robinson, 59 Ala. 219; L. & N. v. W. U. T. Co., 195 Ala. 124, 71 So. 118, Ann. Cas. 1917B, 696. The city could not be held liable on these bonds. Henderson v. Enterprise, 202 Ala. 277, 80 So. 115; Capitol Heights v. Steiner, 211 Ala. 640, 101 So. 451, 38 A. L. R. 1264; Steiner v. Capitol Heights, 213 Ala. 539, 105 So. 682.

THOMAS, J. The appellant sued the municipality on improvement ordinance bonds under the authority of an act approved March 5, 1907, p. 295. Did amendatory Act of August 14, 1907, p. 645, apply? The bonds declared upon were issued in 1908; the initial improvement ordinance was adopted June 20,

1907, before the amendatory act was passed and the notice and permanent improvement ordinance and assessments were given, passed, and made by the municipality after the passage by the Legislature of the amendatory act. The demurrer challenged the right of recovery against the defendant city as a general obligation of that municipality.

The bond exhibited by the pleading shows that it was "issued under the authority of an act of the Legislature of Alabama approved March 5, 1907, and said act as amended," etc., and pursuant to Improvement Ordinance No. 1, adopted by the board and aldermen of said city on the 20th day of June, 1907. At the time in question, the city of Tuscumbia was in the class of cities *less* than 6,000 population, and within the provisions of section 17 of said act, providing for the "lien or charge only against the property improved and against the fund collected from the assessments levied against the property improved," and further providing that this obligation "shall not be the general obligation of the city, * * * nor * * * be in any way liable to the holders of such bonds in case of failure to collect the same." And, as amended August 14, 1907, section 17 was unchanged in the respects indicated.

Section 226 of the Constitution exempts the city of Tuscumbia from the debt limit imposed therein. And the amendatory act denied the right of that city to exceed the limitations placed on other cities of the class as affecting its *general obligations* under improvement bonds that may be issued. This last amendment was carried unchanged into the Code of 1907 as section 1411, until the special session passing General and Local Laws 1920, p. 155, containing a provision and "not excepted from the provisions of the Constitution prescribing the limit of indebtedness," Tuscumbia was an exception to section 226 of the Constitution. This was restoring the words or clause stricken by the Act of August 14, 1907, and left the city of Tuscumbia, for the *period* from August 14, 1907 (Acts 1907, p. 645), to October 12, 1920 (Acts 1920, p. 155), without authority to issue such "general obligations," or right of holder of such special obligation or bond to so subject the city to payment in case of failure to collect the same from property assessments made. This is the effect or field of operation that is open and to be given the different language employed in the same connection as was done in the amendment of August 14, 1907, p. 644, section 1 of the Act of March 5, 1907 p. 311, § 17. 36 Cyc. 1165; Lehman, Durr & Co. v. Robinson, 59 Ala. 219; L. & N. R. Co. v. W. U. Tel. Co., 195 Ala. 124, 71 So. 118, Ann. Cas. 1917B, 696.

The discussion may be concluded with the observation that section 17 of the Act of March 5, 1907, p. 295, as amended by the Act

of the Legislature of August 14, 1907, p. 645, and incorporated in the Code of 1907, § 1411, was construed in Henderson et al. v. City of Enterprise et al., 202 Ala. 277, 280, 80 So. 115, 118. It was there held that under this act the city could not incur any general obligation, and that the bonds shall in no event become the city's general liability. The court said:

"It is thus seen that the bill charges that these bonds shall be issued for the payment of improvements which will become a general liability against the city; but, under the language of the above-cited statute, these bonds shall not be 'the general obligation of the city or town, nor shall such city or town be in any way liable to the holders of such bonds in case of failure to collect the same.' "

So also in the case of Town of Capitol Heights v. Steiner, 211 Ala. 640, 101 So. 451, 38 A. L. R. 1264, the identical question involved on this appeal was dealt with. In the case of Steiner v. Town of Capitol Heights, 213 Ala. 539, 541, 105 So. 682, 683, the statutes and decisions are reviewed and the former rulings upheld. Id. 211 Ala. 640, 101 So. 451, 38 A. L. R. 1264. Referring to this statute, the court said:

"This language is broad and comprehensive and evidences the intent and purpose of the Legislature that the town, the defendant, shall not be liable to the plaintiff, the holder or owner of such bonds in any way, either by action ex contractu or ex delicto. Liability cannot be placed on the defendant, the town or city, for the nonpayment of the bonds or the interest thereon, either directly or indirectly by the holders or owners thereof."

There each bond, the contract of the parties, approves this construction of this statute.

The demurrers were well taken and properly sustained. If there is any conflict in the act of 1907 as amended, the latter provision, "notwithstanding the amount or character of any bonded or other indebtedness issue * * * shall be a lien or charge against the property improved * * * and shall not be the general obligation of the city, * * * nor shall such city * * * be in any way liable to the holders of such bonds in case of failure to collect the same," was the last expression of legislative will, and had the effect of limiting by implication in the respects indicated by section 1 of the original act that "all cities and towns are given power and authority to create corporate liability in the improvement of streets and sidewalks." It is clear from the whole enactments, original and amendatory, that they intended to give no such general liability as to such improvements, but that the same be limited to the extent of the increased value of such abutting property by reason of the special benefits derived from such improvements, to

be assessed against said property and the owner.

The judgment is affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.