139 So. 247

### NEWMAN v. CITY OF OPELIKA et al.

#### 5 Div. 103.

Supreme Court of Alabama.

Jan. 14, 1932.

Denson & Denson, of Clanton, and E. Herndon Glenn, of Opelika, Mallory & Mallory, of Selma, and Steiner, Crum & Weil, of Montgomery, for appellees.

Duke & Duke, of Opelika, for appellant.

## BOULDIN, J.

The city of Opelika, in 1914 and 1915, a city of less than 6,000 inhabitants, issued improvement bonds pursuant to Code of 1907, §§ 1411 to 1414, imposing no general obligation on the city, but payable only from local assessments upon abutting property, and secured by lien on such property and the funds collected on such assessments.

Thereafter, a large portion of the funds collected by city officials on these assessments were, on order of the governing authorities, diverted to the payment of other lawful municipal obligations, leaving some of the bonds unpaid.

Still later, in 1926, the governing body executed the notes of the city to bondholders for the amounts due them severally. These notes are in part still unpaid.

The present suit is a taxpayer's bill to enjoin the payment of these obligations out of the general fund of the city, or any fund not derived from such assessments, and to cancel such notes.

The litigated question is: Notwithstanding the bonds are not the debt of the city, if the city officials, charged with the duty to collect the assessments, to keep the fund separate as a trust fund, and to devote same exclusively to the payment of the bonds, do collect such funds, but, under direction of the governing body, divert the same in breach of trust to the payment of other lawful indebtedness of the city, is the city liable in assumpsit for the fund so diverted, so that the city's note or obligation therefor is valid and enforceable?

The city relies upon the general doctrine that, where a municipality comes into possession of the money of another and devotes the same to lawful municipal purposes, an implied obligation arises as for money had and received. This doctrine, as applicable to different situations, is fully recognized by our former decisions, and founded on elemental justice. Allen v. Intendant & Councilmen of La Fayette, 89 Ala. 641, 8 So. 30, 9 L. R. A. 497; Greeson Mfg. Co. v. County Board of Education, 217 Ala. 565, 117 So. 163; General Electric Co. v. Town of Fort Deposit, 174 Ala. 179, 56 So. 802; Town of Clanton v. Chilton County, 205 Ala. 103, 87 So. 345.

But appellant relies upon our statutes under which these bonds were issued, and our decisions thereon.

In Town of Capitol Heights v. Steiner, 211 Ala. 640, 101 So. 451, 38 A. L. R. 1264, bondholders sought to hold the municipality liable because of failure to make sufficient assessments to cover the bonds issued and sold. Held, no such liability exists. In course of the decision, authorities are reviewed, some of which sustain the liability of the city in cases similar to this, and the court took occasion to note that the city authorities had performed the duty of collecting the assessments and faithfully paying over the proceeds.

But on second appeal, Steiner v. Town of Capitol Heights, 213 Ala. 539, 105 So. 682, 684, another feature was presented charging the city with a diversion of some portion of the fund to the payment of demands not legally chargeable against it. Touching this feature of the case, this court said: "And the statute expressly provides, if any fund or part thereof collected from the assessment is diverted to the payment of any bonds or coupons or indebtedness of the city or town other than the bonds and interest coupons and indebtedness authorized to be paid out of said funds, and if any of the holders of said bonds sustain a loss or injury thereby, then the city official charged with the duty of collecting the assessments shall be liable on his official bond to the holder of the bonds for such loss or injury; and all members of the governing body of the city or town, who shall by their vote or in any other manner cause, aid, or encourage any such diversion, whereby loss or injury to the bondholders or any of them is caused, shall be jointly and severally liable to such bondholders injured to the extent of such loss or injury. Section 1414, Code of 1907. If any of the funds collected from the assessment and levy have been diverted by an official or officials of defendant paying claims from it, which are not authorized to be paid out of it by statute, which prevented in part the full payment of the bonds, then the defendant is not liable for any such diversion (section 1411, Code of 1907, as amended Acts 1920, p. 155); but the statute specially declares who is liable therefor to the holder of

72

the bonds (sections 1413, 1414, Code of 1907). Town of Capitol Heights v. Steiner, 211 Ala. 640, 101 So. 451 [38 A. L. R. 1264]."

We cannot construe this as limited to diversion by a clerk or other clerical officer, as distinguished from acts of the governing body. Neither is it limited to misappropriation to other than lawful demands. The nonliability of the city is declared for diversion to claims not chargeable to such funds. That case cannot be differentiated from this.

The stronger argument for appellees goes to whether such holding should be departed from as an unsound construction of the statute. We do not find it necessary to pass upon that question.

A statute of March 10, 1931 (Gen. Acts 1931, p. 206), enacts: "That all bonds; warrants, notes and other written obligations or evidences of debt heretofore issued for value by cities, towns or counties in the State of Alabama, that are not contrary to the provisions of the Constitution of Alabama or of the United States of America or barred by the Statute of Limitations of the State of Alabama be and the same are hereby validated and declared to be the binding obligations of the city, town, or county issuing the same. 'Provided, however, that the provisions hereof shall not affect any such obligations the validity of which is now involved in any pending suit.'"

The terms of this statute are exceedingly broad, maybe too broad, but it is limited to obligations theretofore incurred.

The notes of the city of Opelika had been theretofore given for these demands. The money rightfully belonging to these bondholders, but diverted in breach of trust to other uses, was unquestionably value, and these notes were issued because of the obligation growing out of such value received.

It is within legislative power to validate obligations, invalid when incurred, where such claims could have been authorized in the beginning. Board of Revenue v. Hewitt, 206 Ala. 405, 90 So. 781; Lovejoy v. Beeson, 121 Ala. 605, 25 So. 599; State ex rel. Attorney General v. L. & N. R. R. Co., 158 Ala. 213, 48 So. 391.

If these notes were invalid when given, their invalidity was due wholly to legislation. We conclude they were validated by this act, and the city is now free to pay same, or make such settlement as is authorized by law for valid claims.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.