145 So. 481

## In re OPINIONS OF THE JUSTICES.
### No. 21.

Supreme Court of Alabama.

Jan. 4, 1933.

Response of the Justices of the Supreme Court to question propounded by the Governor, under section 10290 of the Code 1923.

Question answered.

"Jan. 2, 1933.

"To the Justices of the Supreme Court of Alabama:

"Gentlemen: Under section 10290 of the Code of Alabama, I request your opinion on the following important question:

"On November 8, 1932, an Act was approved, 'Further to provide for the purchase, construction and improvement of waterworks systems in cities, villages and incorporated towns in the State of Alabama, and to provide for the issuance of revenue bonds pay-

able solely out of the revenues derived therefrom, and to provide for the operation of such systems in case of deficiencies in revenue.'

"Will you please advise:

"First. Whether or not the said Act is constitutional.

"Second. Whether or not bonds issued by municipalities under said Act will constitute a debt within the provisions of law providing for debt limits or prohibit cities or towns to become indebted beyond a certain amount.

"This opinion is requested because several cities and towns are applying to the Reconstruction Finance Corporation for loans under the provisions of the Act and these questions have been raised.

"I am enclosing a copy of the Act for your convenience.

"Yours very truly,
"B. M. Miller, Governor."

An Act Further to provide for the purchase, construction and improvement of waterworks systems in cities, villages and incorporated towns in the State of Alabama, and to provide for the issuance of revenue bonds payable solely out of the revenues derived therefrom, and to provide for the operation of such systems in case of deficiencies in revenue.

*Be It Enacted by the Legislature of Alabama:*

Section 1. That any city, village or incorporated town in the State of Alabama, may purchase or construct a waterworks system or construct betterments and improvements to its waterworks system as in this act provided.

Section 2. This Act shall be construed as cumulative authority for the purchase or construction of a waterworks system or for the construction of betterments and improvements thereto, and shall not be construed to repeal any existing laws with respect thereof. The term "waterworks" as used in this Act shall be construed to mean and include a waterworks system in its entirety or any integral part thereof, including mains, hydrants, meters, valves, standpipes, storage tanks, pumping tanks, intakes, wells, impounding reservoirs or purification plants. The term "municipality" as used in this Act shall be construed to mean any city, village or incorporated town in the State of Alabama. The term "legislative body" as used in this act shall be construed to mean the corporate authority of the municipality.

Section 3. Whenever the legislative body of any municipality shall determine to purchase or construct a waterworks system under the provisions of this statute, it shall cause an estimate to be made of the cost thereof, and shall, by ordinance, provide for the issuance of Revenue Bonds under the

provisions of this statute, which ordinance shall set forth a brief description of the contemplated improvement, the estimated cost thereof, the amount, rate of interest, time and place of payment and other details in connection with the issuance of the bonds. Such bonds shall bear interest at not more than six per cent (6%) per annum, payable semiannually, and shall be payable at such times and place not exceeding thirty (30) years from their date as shall be prescribed in the ordinance providing for their issuance. Such ordinance shall also declare that a statutory mortgage lien shall exist upon the property so to be acquired or constructed, fix the minimum rate or rates for water to be collected prior to the payment of all of said bonds, and shall pledge the revenues derived from the waterworks system for the purpose of paying such bonds and interest thereon, which pledge shall definitely fix and determine the amount of revenues which shall be necessary to be set apart and applied to the payment of the principal of and interest on the bonds and the proportion of the balance of such revenues and income which are to be set aside as a proper and adequate depreciation account, and the remainder shall be set aside for the reasonable and proper operation thereof. The rates to be charged for the services from such waterworks shall be sufficient to provide for the payment of interest upon all bonds and to create a sinking fund to pay the principal thereof as and when the same become due, and to provide for the operation and maintenance of the system, and to provide an adequate depreciation fund.

Section 4. After such ordinance shall have been adopted same shall be published once in a newspaper published in such municipality, or if there be no newspaper so published, then such ordinance shall be posted in at least three public places therein, with a notice to all persons concerned stating that said ordinance has been adopted, and that the municipality contemplates the issuance of the bonds described in the ordinance, and that any person interested may appear before the governing body, upon a certain date which shall not be less than ten (10) days subsequent to the publication or posting of such ordinance and notice, and present protests. At such hearing all objections and suggestions shall be heard and the legislative body shall take such action as it shall deem proper in the premises.

Section 5. Bonds herein provided for shall be issued in such amounts as may be necessary to provide sufficient funds to pay all costs of construction or acquisition, including engineering, legal and other expenses, together with interest to a date six months subsequent to the estimated date of completion. Bonds issued under the provisions of this act are hereby declared to be negotiable instruments, and same shall be executed by the presiding officer and clerk of the municipality and be sealed with the corporate seal of the municipality, and in case any of the officers whose signatures appear on the bonds or coupons shall cease to be such officers before the delivery of such bonds, such signatures shall nevertheless be valid and sufficient for all purposes the same as if they had remained in office until such delivery. Said bonds may be sold at not less than ninety cents on the dollar and the proceeds derived therefrom shall be used exclusively for the purposes for which said bonds are issued, and same may be sold at one time or in parcels as funds are needed.

Section 6. Bonds issued under the provisions of this statute shall be payable solely from the revenues derived from such waterworks system, and such bonds shall not in any event constitute an indebtedness of such municipality within the meaning of the constitutional provisions or limitations, and it shall be plainly stated on the face of each bond that the same has been issued under the provisions of this act, and that it does not constitute an indebtedness of such municipality within any constitutional or statutory limitation.

Section 7. There shall be and there is hereby created a statutory mortgage lien upon the waterworks system so acquired or constructed from the proceeds of bonds hereby authorized to be issued, which shall exist in favor of the holder of said bonds and each of them, and to and in favor of the holder of the coupons attached to said bonds, and such waterworks system shall remain subject to such statutory mortgage lien until payment in full of the principal and interest of said bonds. Any holder of bonds issued under the provisions of this act or of any coupons representing interest accrued thereon, may, either at law or in equity, enforce the statutory mortgage lien hereby conferred, and may, by proper suit, compel the performance of the duties of the officials of the issuing municipality set forth in this act. If there be default in the payment of the principal of and/or interest upon any of said bonds, any court having jurisdiction in any proper action may appoint a receiver to administer said waterworks system on behalf of the municipality with power to charge and collect rates sufficient to provide for the payment of said bonds and interest thereon, and for the payment of the operating expenses and to apply the income and revenues in conformity with this act and the ordinance providing for the issuance of such bonds.

Section 8. Rates for water fixed precedent to the issuance of bonds shall not be reduced until all of said bonds shall have been fully paid, and may, whenever necessary, be increased in amounts sufficient to provide for the payment of such bonds, both principal

and interest, and to provide proper funds for the depreciation account and operation and maintenance charges. If any surplus shall be accumulated in the operating and maintenance fund which shall be in excess of the cost of maintaining and operating the plant during the remainder of the fiscal year then current, and the cost of maintaining and operating the said plant during the fiscal year then next ensuing, then any such excess may be by the legislative body transferred to either the depreciation account or to the bond and interest redemption account as the legislative body may designate, and if any surplus shall be accumulated in the depreciation account over and above that which the legislative body shall find may be necessary for the probable replacements which may be needed during the then present fiscal year, and the next ensuing fiscal year, such excess may be transferred to the bond and interest redemption account, and if surplus shall exist in the bonds and interest redemption account same shall be applied insofar as possible in the purchase or retirement of outstanding revenue bonds payable from such account, and for that purpose the legislative body is hereby authorized to purchase bonds not due in the open market at not more than the fair market value thereof.

Section 9. Whenever any municipality now or hereafter shall own and operate a waterworks system, whether constructed under the provisions of this act or not, and shall desire to construct improvements and betterments thereto, it may issue Revenue Bonds under the provisions of this Act to pay for same, and the procedure therefor, including the fixing of rates and the computation of the amount thereof, shall be the same as in this act provided for the issuance of bonds for acquisition or construction of a waterworks system in a municipality which has not theretofore owned and operated a waterworks system, provided, however, that in the ordinance declaring the intention to issue the bonds and providing details in connection therewith, the council shall provide, find and declare in addition to the other requirements set out in this statute, the value of the then existing system and the value of the property proposed to be constructed, and the revenue derived from the entire system when the contemplated betterments and improvements are completed, shall be divided according to such value and so much of the revenue as is in proportion to the value of such betterments and improvements as against the value of the previous existing plant as so determined, shall be set aside and used solely and only for the purpose of paying the Revenue Bonds issued for such betterments, together with costs of the operation and the depreciation thereof, and such revenue shall be deemed to be income derived exclusively from such betterments and improvements; provided, however, that nothing in this section contained shall be construed as authorizing any municipality to impair or commit a breach of the obligation of any valid lien or contract which has been or shall be created or entered into by it, the intention hereof being to authorize the segregation of revenue only where consistent with previous outstanding obligations of the municipality; and provided further that where such segregation shall not be deemed permissible or appropriate, the municipality may secure such bonds with a second lien, subject and subordinate to any first lien outstanding upon such system.

Section 10. Any municipality issuing Revenue Bonds under the provisions of this act shall install and maintain a proper system of accounts, showing the amount of revenue received and the application of the same, and such municipality shall at least once a year cause such accounts to be properly audited by a competent auditor and the report of such audit shall be open for inspection at all proper times to any tax payer, water-user or any holder of bonds issued under the provisions of this act, or any one acting for and on behalf of such tax payer, water-user or bond holder. The treasurer of such municipality or other official or institution specifically charged by it with the duty shall be custodian of the funds derived from income received from waterworks systems constructed either in whole or in part under the provisions of this statute, and shall give proper bond for the faithful discharge of his or its duties as such custodian, which bond shall be fixed and approved by the legislative body of the municipality. All of the funds received as income from a waterworks system constructed in whole or in part under the provisions of this statute, and all funds, received from the sale of Revenue Bonds issued to construct such waterworks system, shall be kept separate and apart from the other funds of the city, and the treasurer shall maintain separate accounts in which shall be placed the interest and sinking fund moneys and other account in which shall be placed the depreciation funds, and to provide for refunding outstanding certificates payable out of water revenue. Any funds realized from the sale of such bonds in excess of the cost thereof shall be covered into the sinking fund for the retirement of said bonds.

Section 11. The bonds authorized hereunder shall not be subject to the limitations or provisions of the Municipal Bond Code as now in force or hereinafter amended.

Section 12. The bonds issued hereunder shall be exempt from taxation and no mortgage tax shall be payable in order to secure the filing for record of any mortgage or deed of trust authorized hereby.

Section 13. If deemed necessary or desirable the municipality may convey such water-

works system or improvement to a Trustee for the holders of the bonds issued hereunder by mortgage or trust indenture, with such appropriate provision for the further security of the holders or by way of limitation upon action by the holders or for concurrent action or otherwise, including such provisions usual to such instruments, as the municipality may deem appropriate.

Section 14. This act shall, without reference to any other statute be deemed full authority for the construction, acquisition, improvement, equipment, maintenance, operation and repair of the works herein provided for and for the issuance and sale of the bonds by this act authorized, and shall be construed as an additional and alternative method therefor and for the financing thereof, and no petition or election or other or further proceeding in respect to the construction or acquisition of the works or to the issuance or sale of bonds under this act and no publication of any resolution, ordinance, notice or proceeding relating to such construction or acquisition or to the issuance or sale of such bonds shall be required except such as are prescribed by this act, any provisions of other statutes of the state to the contrary notwithstanding. Provided, however, that all functions, powers and duties of the State Board of Health shall remain unaffected by this Act.

Section 15. This act being necessary for the public health, safety and welfare, it shall be liberally construed to effectuate the purposes thereof.

Section 16. The sections and provisions of this act are separable and are not matters of mutual essential inducement, and it is the intention to confer the whole or any part of the powers herein provided for, and if any of the sections or provisions or parts thereof is for any reason illegal, it is the intention that the remaining sections and provisions or parts thereof shall remain in full force and effect.

Approved November 8, 1932.

Response by the Justices.
January 4, 1933.
Hon. B. M. Miller, Governor of Alabama.

Dear Sir: Replying to yours of the 2nd, asking for our opinion under section 10290 of the Code, wherein you ask if an Act, a copy thereto attached, passed November the 8th, 1932.

"First. Whether or not the said Act is constitutional.

"Second. Whether or not bonds issued by municipalities under said Act will constitute a debt within the provisions of law providing for debt limits or prohibit cities or towns to become indebted beyond a certain amount."

As to the first inquiry, must say that it is too general to call for an opinion by us. In re proposed Enabling Act Under Mobile Tax Amendment, 216 Ala. 469, 113 So. 584.

Replying to the second inquiry, will say the act, by express terms, prohibits a debt against the city, that is, a personal liability, but confines the liability to a lien in rem, that is, against the plant constructed, extended, or improved, and does not therefore violate section 225 of the Constitution of 1901, which limits the debt of municipalities. Howard Moore v. City of Nampa, 276 U. S. 536, 48 S. Ct. 340, 72 L. Ed. 688; Young v. City of Tuscumbia, 217 Ala. 683, 117 So. 306; Town of Capitol Heights v. Steiner, 211 Ala. 640, 101 So. 451, 38 A. L. R. 1264, and same parties, 213 Ala. 539, 105 So. 682.

Respectfully,
JOHN C. ANDERSON,
Chief Justice,
LUCIEN D. GARDNER,
WM. H. THOMAS,
VIRGIL BOULDIN,
JOEL B. BROWN,
A. B. FOSTER,
THOMAS E. KNIGHT,
Associate Justices.