93 So.2d 923

**OPINION OF THE JUSTICES.**
**No. 157.**

Supreme Court of Alabama.

April 8, 1957.

Honorable James E. Folsom
Governor of Alabama
State Capitol
Montgomery, Alabama

Dear Sir:

We acknowledge receipt of your communication of February 26, 1957, which is as follows:
"To the Honorable Chief Justice
   and Associate Justices
 Supreme Court of Alabama
 Judicial Building
 Montgomery, Alabama

"Gentlemen:

"Pursuant to the authority vested in me by Section 34, Title 13, Code of Alabama

1940, I respectfully request your opinion on the following Constitutional question.

■ "The State Board of Education proposes to issue revenue bonds for the construction of a new dormitory for the State Agricultural and Mechanical Institute for Negroes and pledge the rental fees of the new dormitory and also the rental fees from the existing dormitory for the payment of the principal and interest on such revenue bonds.

"Question 1. Will the issuance of such revenue bonds and the pledging of the rental fees in payment thereof constitute a debt against the State in contravention of Section 213 of the Constitution of Alabama 1901, as amended?

"Your prompt reply will be appreciated and if favorable will materially benefit the sale of such revenue bonds.

"Respectfully submitted,
"/s/ James E. Folsom
"Governor"

We answer your inquiry in the affirmative. Our opinion is that the proposed action will create a new debt against the State in contravention of § 213 of the Constitution of 1901, as amended.

To state the question another way, your inquiry is:

Will the proposed transaction create a new debt of the State prohibited by § 213 if rent from an existing dormitory is pledged to pay the proposed bonds?

Our opinion is that the transaction proposed in your inquiry will create a debt of the State, forbidden by § 213 of the Constitution, under the principles of Opinions of the Justices, 226 Ala. 18, 145 So. 481; Opinion of the Justices, 226 Ala. 570, 148 So. 111; Town of Opp v. Donaldson, 230 Ala. 689, 163 So. 332.

Briefly stated, those cases lay down the rule that when a municipality purchases a utility, no part of which the city owned before, the pledge of the utility and income from it, with no other obligation of the

city to pay, does not divert funds or property of the city which could have been used for other purposes, and therefore, no debt is created in violation of constitutional debt limitations.

On the other hand, if revenue from an existing system is pledged, a debt is created in violation of the Constitution.

The reasoning is that a pledge of existing revenues binds the city to pay money it already has or will receive, from presently owned property or established sources. This binding of the city may not pledge the full faith and credit of the city, but it does pledge a part of the credit of the city. A statement in the ordinance or evidence of debt that the city is not bound cannot change the fact that the city is in truth and fact bound to pay the existing revenues so pledged.

The reasoning is equally applicable to the State. If the State pledges income from an existing facility, to repay borrowed money, there is then a pledge of something the State already has, a part of the credit of the State.

We do not think it can be questioned that rent from the existing dormitory is the property of the State of Alabama. This rent is income of the State. The institution itself, of which the dormitory is a part, is owned by the State.

We are, therefore, of opinion that the proposed pledge of revenues from an existing dormitory to payment of the bonds would be, in substance, a transaction creating a new debt of the State which is declared by § 213 of the Constitution to be void.

■ The provisions of § 37 of Title 52, Code 1940, which permit the State Board of Education to borrow money and build a dormitory, in a transaction where nothing is pledged for payment except the revenue from the facility to be constructed with the borrowed funds, and the provisions that such a debt shall not in anywise constitute an obligation of the State, are not

**80**

in conflict with § 213 of the Constitution, and are not invalid or unworkable.

We see no occasion on this inquiry, to differentiate the status here presented from situations which may have been discussed in other cases not necessary to cite.

Respectfully submitted,

J. ED LIVINGSTON
Chief Justice
THOMAS S. LAWSON
ROBERT T. SIMPSON
DAVIS F. STAKELY
JOHN L. GOODWYN
PELHAM J. MERRILL
JAS. S. COLEMAN, Jr.
Associate Justices.