123 So.2d 16

**Madelyn C. CLIPSON**

v.

**STATE BOARD OF EDUCATION et al.**

**4 Div. 36.**

Supreme Court of Alabama.

Sept. 8, 1960.

MacDonald Gallion, Atty. Gen., and Gordon Madison, Asst. Atty. Gen., for appellee State Board of Education.

Jos. B. Wiley, Troy, and Dumas, O'Neal & Hayes, Birmingham, for appellee Smith.

Jas. G. Clower, Troy, for appellant.

SIMPSON, Justice.

This is an appeal from a final decree of the Circuit Court of Pike County in Equity, in an action for declaratory judgment and relief incident thereto. The appellant, com-

plainant in the Circuit Court, is a citizen and taxpayer of the State of Alabama and is an enrolled student of Troy State College at Troy, Pike County, Alabama, an educational institution of college rank of the State of Alabama. The appellees, the respondents in the Circuit Court, are C. B. Smith, President of Troy State College, the State Board of Education of Alabama, and the individual members of that Board.

The appellant on behalf of herself and all others similarly situated, filed a bill of complaint in the Circuit Court of Pike County seeking a declaratory judgment with respect to the following resolutions adopted by the State Board of Education of the State of Alabama at a meeting of said Board held on January 25, 1960:

"a. A resolution providing for the completion of construction of a physical education building with necessary appurtenant facilities, at the campus of Troy State College at Troy, Alabama, for the financing thereof by the issuance of Revenue Bonds in principle amount of $150,000 and for the securing of the payment of the principal of and interest on such bonds.

"b. A resolution fixing a physical education building fee to be charged to all students enrolled at Troy State College, Troy, Alabama, and providing for the use of so much thereof as may be necessary for the purpose of paying the principal of and interest on $150,000 principal amount of bonds of the Board designated 'Troy State College Revenue Bonds of 1960, Series A, dated March 1, 1960'.

"c. A resolution providing for a public sale of $150,000 principal amount of bonds of the Board designated 'Troy State College Revenue Bonds of 1960, Series A, dated March 1, 1960', approving a notice of sale, and making provisions incident thereto."

The bill of complaint alleged that the bonds referred to in the foregoing resolu-tion of the State Board of Education and the pledge of the special fee as provided in the bond resolution and the provisions of the bond resolution constituted a debt against the State of Alabama or incurred by the State of Alabama or its authority in contravention of § 213 of the Constitution of Alabama of 1901 and that by reason thereof the bonds are void and the bond resolution is invalid and unenforceable. She prayed for a judgment and decree that the bonds, the bond resolution and the pledge of the special fees were invalid and for an injunction enjoining respondents from levying and collecting the special fees, from offering the bonds for public sale and from issuing and selling and delivering the bonds.

The lower court denied the injunction, upheld the bonds, the bond resolution and the pledge of the special fees and found and determined that the bonds and the bond resolution were authorized by § 37, Title 52, Code of Alabama of 1940 and did not constitute debts of the State in contravention of § 213 of the 1901 Constitution.

There was no dispute as to the facts involved which were: The State Board of Education found and determined and recited in the resolution authorizing the issuance of the bonds, that it was necessary that a physical education building with necessary appurtenant facilities at the campus of the Troy State College at Troy, Alabama be constructed in order to furnish necessary and appropriate facilities for the students at the College and in order for the College to render efficient service to its students. The estimated cost of the project was found to be $377,000, of which $227,000 is to be granted by the Alabama Education Authority, a public corporation organized pursuant to the provisions of Act No. 126, adopted at the Second Special Session of 1959 of the Legislature of the State of Alabama, approved August 24, 1959, from the proceeds of the sale of bonds of such Alabama Education Authority.

The State Board of Education further found that it would be impossible to con-

struct and equip the project with the funds to be contributed therefor by the Alabama Education Authority and, if only the funds so contributed should be available for such construction, the project would be incomplete and incapable of use for the purposes for which it was intended. In order to complete the construction of the project, the State Board of Education found that it was necessary to raise an additional $150,-000 and that the only way in which such additional sum could be raised was by anticipating the revenue which would be derived in future years from a special physical education building fee in an amount not less than $6 for each scholastic quarter of the annual college year, to be paid by each student enrolled at the College, which fee is referred to in the bond resolution as the "Special Fee".

The special fee was accordingly levied by a resolution of the State Board of Education at the same meeting at which the bond resolution was adopted. The resolution levying the special fee provided that such fee should be in addition to all other athletic, matriculation and other fees and charges to students now established, levied, collected or charged by the College, and that the fee should be payable by each student enrolled in the College, in advance at the beginning of each quarter session, for the privilege of using the physical education building, regardless of whether or not it shall be so used. This resolution further provided that so much of the revenues derived from the special fee as may be necessary for such purpose would be used for the payment of the principal of and interest on the bonds and for the creation of a reserve therefor, all to the extent provided in the bond resolution.

In the bond resolution, the State Board of Education further found that the revenues which would be derived from the special fee (estimated to be not less than $27,500 per annum) would be sufficient to pay the principal of and interest on the bonds.

The bonds so authorized recite that the principal of and interest thereon are pay-able solely from and secured pro rata by a first lien upon and pledge of the special fund designated the Troy State College 1960 Revenue Bonds, Series A, Principal and Interest Sinking Fund Account and the gross revenues derived from the special physical education building fee. The fee revenues are to be segregated and paid into the Principal and Interest Sinking Fund Account in an amount sufficient to provide funds in said account to pay the principal of and interest on the bonds and to build up and maintain a debt service reserve of $30,000 therefor. Neither the State Board of Education nor the State of Alabama is obligated to make any payment to the Principal and Interest Sinking Fund Account except from the fee revenues.

The State Board of Education proposes to covenant and agree in the bond resolution not to allow or permit the use of any facilities of the project by any student of the College without payment of the special fee and not to permit the use of the project by any other person (other than members of the staff or faculty of the College) or by any firm, association, agency or instrumentality, without charging a special fee equal to the reasonable value of the use thereof.

The bond resolution contains further proposed covenants with respect to the maintenance of insurance, with respect to maintaining the project in good repair and operating condition, and with respect to the keeping of financial records and proper books (separate from all other books and records) in which complete and correct entries shall be made of all transactions relative to the project and all receipts and disbursements of the fee revenues, of each special fund or account provided for in the bond resolution.

The bond resolution further provides that the provisions thereof shall constitute a contract between the State Board of Education and the bondholders but that no agreement, covenant, or obligation of the State Board of Education shall be construed as imposing any pecuniary liability on the Board or the State except such as may be

payable solely from the fee revenues or from the special funds and accounts therein established and provided.

■ The sole question for our determination is whether or not the bonds referred to are a debt of the State or incurred by the State in contravention of § 213 of the Constitution of 1901. We are in agreement with the learned trial court that they do not fall within the constitutional restriction, and are authorized by § 37, Title 52, Code of Alabama of 1940.

As we said in Opinion of the Justices, 266 Ala. 78, 93 So.2d at pages 923, 924:

"The provisions of § 37, of Title 52, Code 1940, which permit the State Board of Education to borrow money and build a dormitory, in a transaction where nothing is pledged for payment except the revenue from the facility to be constructed with the borrowed funds, and the provisions that such a debt shall not in anywise constitute an obligation of the State, are not in conflict with § 213 of the Constitution, and are not invalid or unworkable."

■ Likewise in Keller v. State Board of Education of Alabama, 236 Ala. 400, 183 So. 268, a suit for declaratory judgment was filed by Dr. Keller as President of the State Teachers College at Florence, Alabama, to determine the right of the State Board of Education of Alabama, as the governing body of the institution, to borrow funds for the construction and equipment of a physical education building and swimming pool, and for that purpose to issue bonds or warrants and to secure their payment by pledging rentals of the physical education building and swimming pool to be levied by the College on students in attendance at that institution. That college, like Troy State College, is not a separate corporation, but was governed and controlled by the State Board of Education. The bonds in that case, as in this case, were to be issued under the authority of Act. No. 497 of the 1935 Legislature (now § 37 Title 52, Code of Alabama of 1940). In that case, as in this one, the State Board of Education had adopted a resolution that there should be charged to the students attending the College a quarterly fee as a physical education and swimming pool fee, which fee should be in addition to all other fees charged to the students, and that this fee should be paid into a building revenue fund which would be disbursed as provided for in the loan agreement. It was also provided in that case, as it has been in the instant one, that the bonds would not be obligations of the State and could not be payable out of any monies appropriated by the State. In the Keller case the State Board of Education proposed to enter into a contract with the United States Government whereby the government would grant to the State for the construction of a physical education building and swimming pool at State Teachers College at Florence, $45,000 as a gift and $55,-000 on a 30-year amortization loan to be repaid to the government from gross revenues accruing from the operation of the physical education building and swimming pool to be constructed on the campus of the institution by the use of such funds. This court held that these bonds did not constitute debts of the State Board of Education, the College or the State of Alabama, and affirmed the decree of the Circuit Court upholding the validity of the bonds. Except for the fact that in the Keller case the grant was from the United States Government and the fact that in the instant case the grant is from the Alabama Education Authority, the two cases are identical. This distinction, however, is without legal significance. The Alabama Education Authority, a public corporation, is an entity separate and distinct from the State. Opinion of the Justices, 270 Ala. 147, 116 So.2d 588.

These cases, we think, control the situation presented to us here and we are constrained to affirm the decree rendered by the Circuit Court.

Affirmed.

LIVINGSTON, C. J., and STAKELY, GOODWYN, and COLEMAN, JJ., concur.