To the Members of the Senate
State Capitol
Montgomery, Alabama 36130
Gentlemen:
We acknowledge receipt of and thank you for your Senate Resolution No. 378 requesting our advisory opinion relative to H.B. 94:
BE IT RESOLVED BY THE SENATE OF ALABAMA, That pursuant to Section 12-2-10, Code of Alabama 1975, the Senate respectfully requests the written opinions of the Honorable Chief Justice and Associate Justices of the Supreme Court of Alabama, or a majority of them, on the following important constitutional question that has arisen concerning a pending bill, House Bill No. 94, a true and correct copy of which is attached hereto:
Does H.B. 94 introduced at the 1978 Regular Session of the Legislature of Alabama, by pledging for the payment of the principal of and interest due on the revenue bonds authorized therein to be issued, the receipts of a special processing charge imposed on all coal process through the coal-handling facilities at the Port of Mobile to be constructed with the proceeds of the revenue bonds therein authorized and the coal-handling facilities constructed with the proceeds of the revenue bonds authorized by Act No. 64 enacted at the 1971 Special Session of the Legislature of Alabama, as amended by Act No. 2306 enacted at the 1971 Regular Session of the Legislature of Alabama, authorize the State to create or incur new debt in violation of Section 213, Constitution of Alabama of 1901, as amended by Amendment No. 26?
RESOLVED FURTHER, That the Secretary of the Senate is directed to send nine (9) true copies of the pending bill, H.B. 94, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court of Alabama forthwith upon adoption of this resolution.
Having examined the terms of H.B. 94, it is our opinion that the transaction contemplated by that Act will not create a debt in violation of Section 213 of the Alabama Constitution 1901, as amended by Amendment No. 26.
The proscription contained in that section refers to the creation of new debt. The legislation in question would authorize an increase in revenue bonds the sale of which would fund improvements in existing sea *1194 port facilities and also the construction of additional seaport facilities, all such designed to handle bulk facilities. Even though existing facilities are to be improved, H.B. 94 does not divert funds derived from the employment of any such existing facilities for the payment of either principal or interest on these proposed revenue bonds. Those payments are to be made solely from the revenue generated by the special processing charge provided for by the bill which pledges such charges for the payment of the bonds issued thereunder.
It has been held that when the State pledges income from an existing facility to repay borrowed money, “there is then a pledge of something the State already has, a part of the credit of the State.” Opinion of the Justices, 266 Ala. 78, 93 So.2d 923 (1957). If, on the other hand, the State pledges revenue from a source it did not possess before, such action does not divert funds or property which could have been used for other purposes. Thus a part of the full faith and credit of the State is not being pledged and no new debt is created in violation of the constitutional limitations on debt. While the statements in the Act, that the evidence of debt shall not constitute a debt of the State of Alabama and shall not pledge the full faith or credit of the State of Alabama, do not in themselves govern this question, this is not to state that their presence in those documents would not be of assistance in demonstrating this limitation to prospective purchasers. Lang v. City of Mobile, 239 Ala. 331, 195 So. 248 (1940); Opinion of the Justices, 266 Ala. 78, 93 So.2d 923 (1957); In Re Opinion of the Justices, 226 Ala. 570, 148 So. 111 (1933); In Re Opinion of the Justices, 226 Ala. 18, 145 So. 481 (1933).
Respectfully submitted,
JAMES N. BLOODWORTH
HUGH MADDOX
JAMES H. FAULKNER
RENEAU P. ALMON
JANIE L. SHORES
ERIC EMBRY
SAM A. BEATTY
Associate Justices
Moreover, H.B. 94 specifically provides that the bonds “shall never be or constitute a debt of the State within the meaning of any constitutional provisions, and neither the full faith nor the credit of the State shall ever be pledged or utilized therefor.” H.B. 94 further provides that the principal and interest on the bonds “shall be payable solely out of the special processing charge authorized by this act.” This clearly appears to be a capitalization of funds derived from the operation of the state docks facility. This court has said “that a State agency may thus capitalize on funds thus derived without creating a debt.” Opinion of the Justices, 247 Ala. 663, 26 So.2d 103 (1946). The justices cite, as authority for that proposition, a long line of authorities from 220 Ala. to 239 Ala. In that opinion, the Court was confronted with the same question with which we are confronted here, namely, a question propounded by the governor as to whether revenue securities, bonds, notes or certificates, issued by the state docks and terminals of Alabama (predecessor of the present state docks system) constitute debts created against or incurred by the State of Alabama, or its authority, within the meaning of § 213 of the Constitution of Alabama of 1901. The justices concluded that the issuance of such revenue securities would not contravene § 213. See also Opinion of the Justices, 254 Ala. 506, 49 So.2d 175 (1950); Lang v. City of Mobile, 239 Ala. 331, 195 So. 248 (1940). This proposition has been cited with approval as recently as Rogers v. City of Mobile, 277 Ala. 261, 169 So.2d 282 (1964). In Rogers the obligation of the Alabama State Docks Department under a lease was held not to constitute a debt of the state within the meaning of § 213.
Respectfully submitted,
JAMES N. BLOODWORTH
SAM A. BEATTY