31 So.2d 721

**OPINION OF THE JUSTICES.**

No. 81.

Supreme Court of Alabama.

Aug. 15, 1947.

512

Senate Resolution No. 57

Whereas, there is now pending in the Senate of Alabama Substitute for Bill No. 689, copy of which is hereto attached; and

Whereas, said House Bill has not been advertised in the manner provided by Section 106 of the constitution of Alabama; and

Whereas, Jefferson County is presently the only county of Alabama which has a population of 400,000 inhabitants or more, and is the only county of Alabama of such population which presently has a Commissioner of Licenses (see Alabama Code of 1940, Title 51, Sec. 865 et seq.) ; now, therefore;

Be it Resolved by the Senate of Alabama that the Justices of the Supreme Court of Alabama be, and hereby are, requested to render to the Senate advisory opinion or opinions in answer to the following inquiries:

1. Is there any inherent different between counties having a population of 400,000 or more and counties having a population of 399,999 or less, such as to authorize the Legislature to levy by general bill a tax of one cent per gallon on gasoline within the former, and not to levy such tax on gasoline within the latter? See City of Birmingham v. Moore, 248 Ala. 422, 27 So.2d 869; also Houston County v. Covington, 233 Ala. 606, 172 So. 822.

2. Is there any inherent difference between roads and municipalities in counties having a population of 400,000 or more and roads and municipalities in counties having a population of 399,999 or less, such as to authorize the Legislature to levy by general bill a tax of one cent per gallon on gasoline within the former counties for the roads and municipalities of the former counties and not to levy such tax on gasoline within the latter counties for roads and municipalities of the latter counties?

3. Is there any inherent difference between gasoline within the counties having a population of 400,000 or more and gasoline within counties having a population of 399,999 or less, such as to authorize the Legislature to levy by general bill a tax of one cent per gallon on gasoline within the former and not on gasoline within the latter.

4. Is there any inherent difference between probate judges in some counties having a population of 400,000 or more and probate judges in other counties having a population of 400,000 or more, such as to authorize the Legislature to impose by general bill duties upon probate judges of the former and not upon probate judges of the latter (see Sec. 13 of the bill).

5. A local statute (Code 1940, Title 51, Sec. 865 et seq.) creates and imposes duties upon a "commissioner of Licenses for Jefferson County", and Section 13 of the attached bill imposes duties upon this commissioner of Licenses in Jefferson County. Is the bill amendatory of said local statute in such sense as to require it to be done by local act?

6. The bill applies only in counties which have a population of 400,000 or more and Section 13 effects a difference of administration between counties of this class. Does the bill provide for differences of duties of probate judges in the state based upon a double classification?

7. If the bill be passed, would the act eventuating therefrom be void in whole or in part as in violation of Section 106 of the constitution?

8. If the bill be passed, would the eventuating act be violative of Section 45 of the constitution, in that the body thereof affects the duties of the Commissioner of Licenses in Jefferson County, Alabama, without the title giving specific warning thereof?

9. If the bill be passed, would the eventuating act be violative of Section 45 of the Constitution, in that the body thereof affects the duties of probate judges in counties which may hereafter have a population of 400,000 or more, without the title giving specific warning thereof?

10. If the bill be passed, would the act eventuating therefrom be violative of any provision of the constitution.

I hereby certify that the above resolution was adopted by the Senate of Alabama, August 12, 1947.

(Signed)   J. E. Speight
Secretary of Senate

The substitute for House Bill No. 689 provides that the act shall "apply in, and only in, counties which have a population of 400,000 inhabitants, or more, according to the last or any subsequent Federal census," and requires "the payment to each such county of a license tax, in addition to all other taxes and licenses imposed or levied

by law, of one cent on each gallon of gasoline sold, distributed, delivered, stored or taken out of storage within such county," and vests or places certain powers and duties upon the probate judge with respect to the enforcement of the act.

Section 13 of the bill is as follows:

"If, in any county in which this act is at any time operative, there is a Commissioner of Licenses, then, and in that event, all of the powers, authorities and duties which, by the terms of this act, are vested in or placed upon the Probate Judge, shall, in such county, be vested in and placed upon the Commissioner of Licenses; and such Commissioner of Licenses shall for all purposes in and under this act stand in the place of the Probate Judge, and the term Commissioner of Licenses shall be deemed substituted for the term Probate Judge wherever the latter term occurs in this act elsewhere than in this section."

The Senate of Alabama

State Capitol

Montgomery, Alabama

Gentlemen:

In regard to Senate Resolution No. 57, we respond as follows:

This court has recognized the differences in population as a proper basis of statutory classification in general enactments, though at the time of its passage the act may then apply only to one political subdivision of the state, just so there is a substantial difference in population, the classification is adopted in good faith, is reasonably related to the purpose to be effected and to the difference in population which forms the basis thereof, and is not merely arbitrary or a double or reclassification.

And, in respect to determining such classification much is left to the legislative discretion and good faith in the exercise thereof will be presumed when the constitutionality of the act, vel non, is brought under judicial review.

The following cases, among many others which could be cited, are authoritative: McCoy v. Jefferson County, 232 Ala. 651, 169 So. 304; Dearborn v. Johnson et al., 234 Ala. 84, 173 So. 864; Walden v. City of Montgomery, 214 Ala. 409, 108 So. 231; Reynolds v. Collier, 204 Ala. 38, 85 So. 465; City of Birmingham et al. v. Moore, 248 Ala. 422, 27 So.2d 869.

Specifically, as to your inquiry, Sections 1, 2, 3, 4 and 6 are not matters of constitutional inquiry but are in the nature of arguments and are not the subject of categorical reply. Section 10 is too general in character to require a reply. In re Opinion of the Justices, 216 Ala. 469, 113 So. 584. Our reply therefore is directed to Sections 5, 7, 8 and 9, which have direct reference to Sections 106 and 45 of our State Constitution.

Our opinion, of course, is ruled by the same principle governing decisions of the court in determining the validity of statutory enactments, and we will not presume against the bill's validity unless it is clear beyond a reasonable doubt that it is violative of organic law. As to the bill in question, as regards the inquiries propounded, we are not so convinced.

We may, of course, judicially know that presently the only county to be affected by the proposed act is Jefferson County but this fact will not affect its validity as a general law, the essential characteristics noted above inhering. The classification adopted is reasonably related to the act's apparent purpose and there is a substantial difference in population. Knowing the population growth of some of the larger counties of the state, we think it reasonable to assume that there will be others which will eventually come under the act and become affected by its terms.

As was observed in the Walden case, supra, "it is not sufficient that a suspicion arise that the act rests alone upon consideration of local needs, and we are not to 'look beyond the act itself for motives.' [State ex rel.] Crenshaw v. Joseph, supra [175 Ala. 579, 57 So. 942, Ann.Cas. 1914D, 248]." 214 Ala. 411, 108 So. 233. The legislature, in fixing the classification for the purposes of this particular act may, among other things, very properly consider the fact that in counties of such population there is a larger load of traffic with the consequent deterioration of the

roads and bridges, and the necessity for more revenue for upkeep.

In fine, our conclusion is that, passed as a general law, the proposed bill in adopting the stated classification is not repugnant to Section 106 of the Constitution.

As to your several questions regarding the duties imposed on the respective officials, it is permissible that such additional duties be added to the incumbent in office without the amendment of any particular act or offending the mentioned sections of the Constitution.

Neither do we view the bill as violative of Section 45 in the respect inquired about. The duties imposed on the respective officials for the execution of the provisions of the proposed act relate to administrative detail and need not be specified in the title, which may be general in character and need not embody every clause of the statute. It suffices if the various clauses are all referable and cognate to the subject expressed. "'And when the subject is expressed in general terms, every thing which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in, and authorized by it.' [Ballentyne v. Wickersham, 75 Ala. 533, 536]; Yeilding et al. v. State ex rel. Wilkinson, 232 Ala. 292, 167 So. 580; State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278; Swindle, County Treas., v. State ex rel. Pruitt, Probation Officer, 225 Ala. 247, 143 So. 198; Lee v. State, 227 Ala. 2, 150 So. 164; Alabama State Bridge Corporation et al. v. Smith, 217 Ala. 311, 314, 116 So. 695; First Nat. Bank of Eutaw v. Smith, 217 Ala. 482, 484, 117 So. 38. See, also, authorities collected in Mayfield's Constitution, page 119." Houston County v. Covington, 233 Ala. 606, 609, 172 So. 882, 884.

Finally, responding to Section 5 of your inquiry, we note that the mentioned Code sections (Sections 865 et seq., Title 51, Code 1940) with reference to the Commissioner of Licenses of Jefferson County cannot be classified as a local statute. The statute was passed originally as a general law (General Acts 1931, pages 522 et seq.;

State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278[17]) and was carried as a general law in the codification of 1940.

Respectfully submitted,

LUCIEN D. GARDNER
Chief Justice
J. ED LIVINGSTON
THOMAS S. LAWSON
ROBERT T. SIMPSON
DAVIS F. STAKELY
Justices.