41 So.2d 775

**OPINION OF THE JUSTICES.**
No. 102.

Supreme Court of Alabama.
July 13, 1949.

Opinion of the Justices of the Supreme Court in response to questions propounded by the Senate under Code 1940, Tit. 13, § 34, as to the validity of a proposed substitute for Senate Bill No. 279, amending Code 1940, Tit. 26, § 185.

### SENATE RESOLUTION NO. 37
### By Mr. Patton

WHEREAS, there is now pending in the Legislature of Alabama Senate Bill No. 279 for which a substitute is under consideration in a standing committee of this Body, a copy of which substitute is attached hereto; and

WHEREAS, said substitute would amend Section 185, Title 26, 1940 Code as amended by adding a new paragraph to said subsection; therefore BE IT RESOLVED BY THE SENATE OF ALABAMA:

That the Justices of the Supreme Court or a majority of them be requested, pursuant to the provisions of law in such cases made and provided, to render to this body their opinion as to whether said substitute is violative of any provision of the Constitution of Alabama including particularly Section 6 thereof.

I hereby certify that the above Resolution was adopted by the Senate of Alabama. June 24, 1949.

(Signed) J. E. SPEIGHT
Secretary of Senate

Substitute for S. 279

### A BILL
### TO BE ENTITLED
### AN ACT

To amend Section 185 of Title 26, 1940 Code, as amended by Act Number 310 of the 1943 Legislature and as further amended by Act Number 283 of the 1945 Legislature, relating to unemployment compensation.

Be it Enacted by the Legislature of Alabama:

Section 1. Section 185 of Title 26, 1940 Code as amended by Act Number 310 of the 1943 Legislature and as further amended by Act Number 283 of the 1945 Legislature is amended to read as follows:

"§ 185. EMPLOYER.—'Employer,' as used in this chapter, means:

"A. Any employing unit which on each of some twenty days during the current or preceding calendar year, each day being in a different calendar week, employed in employment for some portion of the day (whether or not at the same moment of time) eight or more employees, provided, that such employment in a calendar year shall make a newly subject employer subject for all purposes as of January 1 of the calendar year in which such employment occurs.

"Any employing unit, engaged as a contractor or builder or subcontractor, in construction work which on each of some six days during the current calendar year, each day being in a different calendar week, employed in employment for some portion of the day (whether or not at the same moment of time) eighteen or more employees, provided, that such employment in a calendar year after December 31, 1949 shall make a newly subject employer subject for all purposes as of January 1st of

the calendar year in which such employment occurs.

"B. Any employing unit which, having become an employer under this chapter, has not under sections 224 and 225 of this title ceased to be an employer subject to this chapter; or

"C. For the effective period of its election pursuant to section 225 hereof any other employing unit which has elected to become fully subject to this chapter.

"D. Any employingunit (whether or not an employing unit at the time of acquisition) which acquires the organization, trade or business or substantially all the assets thereof of another which at the time of such acquisition was an employer subject to this chapter.

"E. Any employing unit which acquires the organization, trade, or business, or substantially all the assets thereof of another employing unit (not an employer subject to this chapter) and which, if the employment record of such employing unit subsequent to such acquisition together with the employment record of the acquired unit prior to such acquisition, both within the same calendar year, would be sufficient to constitute an employing unit an employer subject to this chapter.

"F. Effective January 1, 1946, any individual or employing unit engaged in employment in this state subject for either the current or preceding calendar year to the pay roll tax imposed by section 1600 of the Federal Internal Revenue Code."

Section 2. This Act shall take effect upon its passage and approval by the Governor or its otherwise becoming law.

To the Senate of Alabama
State Capitol
Montgomery, Alabama
Gentlemen:

In Senate Resolution No. 37 inquiry is made of the members of this court as to whether or not the substitute bill for Senate Bill 279, which proposes to amend § 185, Title 26, Code 1940, as amended (1947 Cum. Pocket Part, Title 26, pp. 101–102), violates "any provision of the Constitution of Alabama including particularly Section 6 thereof." The substitute bill, the subject of this inquiry, will be referred to hereinafter as the proposed bill.

As to that part of your inquiry which asks if the proposed bill violates any provision of the Constitution, we must respectfully decline to answer, as it is too broad and indefinite. Such is the established policy of the justices of this court.— Opinion of the Justices, 216 Ala. 469, 113 So. 584; Opinion of the Justices, 249 Ala. 511, 31 So.2d 721.

Section 185, Title 26, Code 1940, as amended, is a part of the unemployment compensation laws of this state. Those laws set up a comprehensive scheme for providing unemployment benefits for workers employed within the state by employers designated by the act. These employers include all who employ eight or more persons during twenty or more weeks of the year (subsec. A, § 185, Title 26, Code 1940, as amended), except those engaged in certain specified employments. § 186, Title 26, Code 1940, as amended. The unemployment compensation laws impose upon the employers the obligation to pay a certain percentage of their total monthly payrolls into the state unemployment fund, and each employee is required to contribute to the fund a certain percentage of his wages.

As presently written and as pertinent here, § 185, Title 26, Code 1940, as amended, defines employers, in subsec. A thereof, as:

"Any employing unit which on each of some twenty days during the current or preceding calendar year, each day being in a different calendar week, employed in employment for some portion of the day (whether or not at the same moment of time) eight or more employees, provided, that such employment in a calendar year shall make a newly subject employer subject for all purposes as of January 1 of the calendar year in which such employment occurs."

The proposed bill, if enacted into law, would add another paragraph to subsec. A of § 185, Title 26, as presently amended, which paragraph reads as follows:

"Any employing unit, engaged as a contractor or builder or subcontractor, in construction work which on each of some six days during the current calendar year,

each day being in a different calendar week, employed in employment for some portion of the day (whether or not at the same moment of time) eighteen or more employees, provided, that such employment in a calendar year after December 31, 1949, shall make a newly subject employer subject for all purposes as of January 1st of the calendar year in which such employment occurs."

In so far as we are able to determine contractors, builders, and subcontractors are employers under the existing unemployment compensation laws if they employ eight or more employees on one day during twenty or more weeks of the calendar year. Hence, if the proposed bill is enacted into law, such employers will be placed in a class by themselves in that they will not come under the provisions of the unemployment compensation laws of this state unless they employ as many as eighteen employees on one day in six or more weeks during the calendar year.

· So, your inquiry is substantially this: Does this classification violate the due process clause of § 6 of the state constitution? We point out that there is no equal protection clause in the Constitution of 1901. The equal protection clause of the Constitution of 1875 was dropped from the Constitution of 1901.—Hamilton v. Adkins, 250 Ala. 557, 35 So.2d 183; McLendon v. State, 179 Ala. 54, 58, 60 So. 392, Ann.Cas.1915C, 691. Of course, the due process and equal protection clauses of the Fourteenth Amendment are involved here, although no specific reference is made thereto in your inquiry.

While the due process and equal protection guaranties are not coterminous in their spheres of protection, equality of right is fundamental in both. Each forbids class legislation arbitrarily discriminatory against some and favoring others in like circumstances.—Beeland Wholesale Co. v. Kaufman, 234 Ala. 249, 174 So. 516; Washington Nat. Ins. Co. v. Board of Review, N.J., 64 A.2d 443. It is essential that the classification itself be reasonable and not arbitrary, and be based upon material and substantial distinctions and differences reasonably related to the subject matter of the legislation or considerations of policy, and that there be uniformity within the class.—Washington Nat. Ins. Co. v. Board of Review, supra.

In Carmichael v. Southern Coal Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245, 190 A.L.R. 1327, the Supreme Court of the United States upheld the Alabama Unemployment Compensation Act as against the attack that it violated the due process and equal protection clauses of the Fourteenth Amendment to the Federal Constitution, in that said act excluded from its coverage employers of less than eight persons and exempted from its provisions particular classes of employers.

In answer to such contentions it was said:

"(a) Exclusion of Employers of Less than Eight. Distinctions in degree, stated in terms of differences in number, have often been the target of attack, see Booth v. Indiana, 237 U.S. 391, 397, 35 S.Ct. 617, 59 L.Ed. 1011. It is argued here, and it was ruled by the court below, that there can be no reason for a distinction, for purposes of taxation, between those who have only seven employees and those who have eight. Yet, this is the type of distinction which the law is often called upon to make. It is only a difference in numbers which marks the moment when day ends and night begins, when the disabilities of infancy terminate and the status of legal competency is assumed. It separates large incomes which are taxed from the smaller ones which are exempt, as it marks here the difference between the proprietors of larger businesses who are taxed and the proprietors of smaller businesses who are not.

"Administrative convenience and expense in the collection or measurement of the tax are alone a sufficient justification for the difference between the treatment of small incomes or small taxpayers and that meted out to others. Citizens' Telephone Co. v. Fuller, 229 U.S. 322, 332, 33 S.Ct. 833, 57 L.Ed. 1206; People of State of New York ex rel. Hatch v. Reardon, 204 U.S. 152, 159, 27 S.Ct. 188, 51 L.Ed. 415, 9 Ann.Cas. 736; New York v. Latrobe, 279 U.S. 421, 428, 49 S.Ct. 377, 379, 73 L.Ed. 776, 65 A.L.R. 1341; Aero Transit Co. v. Georgia Public Service Comm., 295 U.S. 285, 289, 55 S.Ct. 709, 710,

79 L.Ed. 1439; Cf. Florida Central & Peninsular R. Co. v. Reynolds, 183 U.S. 471, 480, 22 S.Ct. 176, 46 L.Ed. 283; Packer Corp. v. Utah, 285 U.S. 105, 110, footnote 6, 52 S. St. 273, 274, 76 L.Ed. 643, 647, 79 A.L.R. 546, 549. We cannot say that the expense and inconvenience of collecting the tax from small employers would not be disproportionate to the revenue obtained. For it cannot be assumed that the legislature could not rightly have concluded that generally the number of employees bears a relationship to the size of the payroll and therefore to the amount of the tax, and that the large number of small employers and the paucity of their records of employment would entail greater inconvenience in the collection and verification of the tax than in the case of larger employers.

"It would hardly be contended that the state, in order to tax payrolls, is bound to assume the administrative cost and burden of taxing all employers having a single employee. But if for that or any other reason it may exempt some, whether it should draw the line at one, three, or seven, is peculiarly a question for legislative decision. The decision cannot be said to be arbitrary because it falls in the twilight zone between those members of the class which plainly can and those which plainly cannot expediently be taxed.

"(b) Exemption of Particular Classes of Employers. It is arbitrary, appellees contend, to exempt those who employ agricultural laborers, domestic servants, seamen, insurance agents, or close relatives, or to exclude charitable institutions, interstate railways, or the government of the United States or of any state or political subdivision. A sufficient answer is an appeal to the principle of taxation already stated, that the state is free to select a particular class as a subject for taxation. The character of the exemptions suggests simply that the state has chosen, as the subject of its tax, those who employ labor in the processes of industrial production and distribution.

"Reasons for the selections, if desired, readily suggest themselves. Where the public interest is served one business may be left untaxed and another taxed, in order to promote the one, American Sugar Refining Co. v. Louisiana, supra [179 U.S. 89, 21 S.Ct. 43, 45 L.Ed. 102]; Heisler v. Thomas Colliery Co., supra [260 U.S. 245, 43 S.Ct. 83, 67 L.Ed. 237]; Aero Transit Co. v. Georgia Public Service Comm., supra, or to restrict or suppress the other, Magnano Co. v. Hamilton, 292 U.S. 40, 54 S.Ct. 599, 78 L.Ed. 1109; Fox v. Standard Oil Co., supra [294 U.S. 87, 55 S.Ct. 333, 79 L. Ed. 780]; Quong Wing v. Kirkendall, supra [223 U.S. 59, 32 S.Ct. 192, 56 L.Ed. 350]; Singer Sewing Machine Co. v. Brickell, 233 U.S. 304, 34 S.Ct. 493, 58 L.Ed. 974; Alaska Fish Co. v. Smith, supra, 255 U.S. 44, 48, 41 S.Ct. 219, 220, 65 L.Ed. 489; Great Atlantic & Pacific Tea Co. v. Grosjean, supra [301 U.S. 412, 57 S.Ct. 772, 81 L.Ed. 1193, 112 A.L.R. 293]. The legislature may withhold the burden of the tax in order to foster what it conceives to be a beneficent enterprise. This Court has often sustained the exemption of charitable institutions, Bell's Gap. R. Co. v. Pennsylvania, supra, 134 U.S. 232, 237, 10 S.Ct. 533, 33 L.Ed. 892; Board of Education v. Illinois, 203 U. S. 553, 563, 27 S.Ct. 171, 51 L.Ed. 314, 8 Ann.Cas. 157, and exemption for the encouragement of agriculture, American Sugar Refining Co. v. Louisiana, supra, 179 U. S. 89, 95, 21 S.Ct. 43, 45 L.Ed. 102; Aero Transit Co. v. Georgia Public Service Comm., supra, 295 U.S. 285, 291, 55 S.Ct. 709, 711, 79 L.Ed. 1439. Similarly, the legislature is free to aid a depressed industry such as shipping. The exemption of business operating for less than twenty weeks in the year may rest upon similar reasons, or upon the desire to encourage seasonal or unstable industries.

"Administrative considerations may explain several exemptions. Relatively great expense and inconvenience of collection may justify the exemption from taxation of domestic employers, farmers, and family businesses, not likely to maintain adequate employment records, which are an important aid in the collection and verification of the tax. The state may reasonably waive the formality of taxing itself or its political subdivisions. Fear of constitutional restrictions, and a wholesome respect for the proper policy of another sovereign, would explain exemption of the United States, and of the interstate railways, compare Packer Corp. v. Utah, supra, 285 U.S.

105, 109, 52 S.Ct. 273, 274, 76 L.Ed. 643, 79 A.L.R. 546. In no case do appellees sustain the burden which rests upon them of showing that there are no differences, between the exempt employers and the industrial employers who are taxed, sufficient to justify differences in taxation." 301 U. S. 510-513, 57 S.Ct. 873, 81 L.Ed. 1245, 190 A.L.R. 1327.

■ The classification set up in the proposed bill is of an entirely different character from those included in the law as presently written and which were considered by the Supreme Court of the United States in Carmichael v. Southern Coal Co., supra. Here one group of industrial employers is put into a separate classification, as a result of which such employers will not be compelled to pay the taxes required by the unemployment compensation laws unless they employ as many as eighteen employees during the specified period of six weeks, whereas other industrial employers are taxed if they employ as many as eight employees, although the period of employment must be longer. None of the reasons expressed by the Supreme Court of the United States in Carmichael v. Southern Coal Co., supra, as justifying the classification contained in the law as presently written support the classification set up in the proposed bill.

What is the reason for this classification? What is the rational basis for the distinction which the proposed bill makes between industrial employers? Why should there be one standard for contractors, builders, and subcontractors and another standard for all other industrial employers? We have before us no information upon which to base an answer to these questions. While good faith and a knowledge of existing conditions on the part of the legislature are to be presumed, yet we do not think it well to advise as to the validity of the proposed bill upon a presumption when the bill upon its face appears to be discriminatory. With no recital in the proposed bill to show that the classification is reasonable and not arbitrary and no facts called to our attention or which we judicially know to show that the classification is reasonable and based on a rational basis, we feel that your inquiry should not be categorically answered in response to this request for an advisory opinion.

Respectfully submitted,
FOSTER,
LIVINGSTON,
LAWSON,
SIMPSON,
STAKELY,
Associate Justices.

BROWN, Justice.

In reply to the inquiry embodied in Senate Resolution No. 37 sponsored by Senator Patton, there is nothing stated on the face of the proposed act or the amendment thereto showing the basis of the classification as to "contractor or builder or subcontractor in construction work" applying to this class a rule different from that applicable to other industrial employers and employees and in my opinion the classification is not arbitrary on its face. Inasmuch as the power of the legislature is plenary and limited only by the provisions of the Constitution of the State and the Fourteenth Amendment to the Federal Constitution in respect to the matter in hand, it must be assumed that the proposed legislation is within the scope of legislative power and, therefore, said proposed act is not violative of the due process clause of the state constitution nor of the due process clause of the Fourteenth Amendment to the Constitution of the United States or the provisions of the Constitution of the United States guaranteeing to each citizen the equal protection of the law.