53 So.2d 739

## OPINION OF THE JUSTICES.
### No. 124.

Supreme Court of Alabama.
July 25, 1951.

To the House of Representatives
CAPITOL
Montgomery, Alabama
Dear Sirs:

In re: Your inquiry set forth in H. R. No. 66, as to certain constitutional questions concerning H. B. No. 490.

We are of opinion that H. B. 490 attached to House Resolution No. 66 is not violative of § 45 of the Constitution of 1901 because of duplicity of subjects. See Johnson v. Robinson, 238 Ala. 568, 192 So. 412. The general subject of the bill as expressed in the title is "to provide financial security for the aged" and when we look to the body of the bill the proposed law applies only to "any needy person", otherwise qualified for such benefits, who has *attained the age of sixty-five years*. [Italics supplied.]

The provisions creating the Pension Board, providing for appointment of its members, prescribing their powers and duties and providing for compensation of its

members are cognate and germane to the general subject of said law.

We are further of the opinion that the provisions of said proposed law, which provide for the repeal of Chapter 3, Title 49, Code of 1940, which makes like provision for such relief, are likewise cognate and germane; that the purpose of said provision is to prevent duplication of authority and confusion in the administration of such public welfare.

We are further of opinion that said bill does not impinge the provisions of § 88 of the constitution which imposes on the legislature the duty "to require the several counties of this state to make adequate provision for the maintenance of the poor", provision for which is made in Title 44, §§ 1 to 20 (inclusive), Code of 1940, under the subject of "Paupers", the indigent poor. See Report of the Attorney General 1945, p. 19.

The power of the legislature in this field is plenary in the absence of constitutional restriction. Johnson v. Robinson, supra.

The other inquiry, No. 3, does not comply with the provisions of the Advisory Opinion Act and hence is not considered.

Respectfully submitted,

J. ED. LIVINGSTON
Chief Justice
JOEL B. BROWN
A. B. FOSTER
THOMAS S. LAWSON
DAVIS F. STAKELY
Associate Justices.