100 So.2d 565

## OPINION OF THE JUSTICES.
### No. 162.

Supreme Court of Alabama.

Feb. 12, 1958.

Honorable James E. Folsom
Governor of Alabama
State Capitol
Montgomery, Alabama

Dear Sir:

We acknowledge receipt of your communication of October 17, 1957, which is as follows:

"The Honorable Chief Justice and
    Associate Justices
 Supreme Court of Alabama
 Judicial Building
 Montgomery, Alabama

"Dear Sirs:

"Water works systems in many of the municipal corporations in this state are owned and operated by 'water works boards' created or organized in such municipal corporations with the permission of their respective governing bodies pursuant to the provisions of Sections 394 to 402, inclusive, of Title 37 of the Code of Alabama of 1940, as amended, and Act No. 175 adopted at the 1951 Regular Session of the Legislature of Alabama [p. 416], as amended [Code 1940, Tit. 37, § 402(15) et seq.]. The members of the board of directors of each such water works board, whether organized pursuant to said code sections or said act, are appointed or elected by the governing body of the municipal corporation in which such board was organized. Both the said code sections and the said act provide that title to a water works system owned by a water works board organized thereunder vests in the municipal corporation authorizing the organization of such board upon payment in full of all bonds issued by such board payable from the revenues of such water works system.

"From time to time various municipal corporations in which such water works boards are organized desire to assist such boards by acquiring, providing and constructing extensions, enlargements, betterments, improvements or repairs to water works system owned by such boards (which such extensions, enlargements, betterments, improvements or repairs appertain to and form an integral part of the water works systems owned by such boards) and sometimes finance such assistance by the issuance of their own interest bearing obligations. A question has been raised as to whether such obligations, when issued by a municipal corporation having a population of 6,000 or more, are obligations issued 'for the purpose of acquiring, providing, or constructing * * * water works' within the meaning of that portion of Section 225 of the Constitution of Alabama of 1901 exempting such obli-

gations from the debt limit of such municipal corporations, or whether indebtedness incurred for such purpose by a municipal corporation having a population of less than 6,000 has been incurred 'for the construction of or purchase of water works' within the meaning of that portion of said Section 225 providing that such municipal corporations may incur certain additional indebtedness for that purpose.

"Therefore, pursuant to the provisions of Section 34 of Title 13 of the Code of Alabama of 1940, I hereby respectfully request your written opinion on the following important constitutional questions, which are of general concern and interest to municipalities in Alabama:

"(1) If a municipal corporation having a population of 6,000 or more issues bonds or other obligations for the purpose of making extensions, betterments, improvements, enlargements or repairs which appertain to and form an integral part of a water works system owned by a water works board organized in such municipal corporation pursuant to the provisions of Sections 394 to 402, inclusive, of Title 37 of the Code of Alabama of 1940, as amended, or Act No. 175 adopted at the 1951 Regular Session of the Legislature of Alabama, as amended, are such bonds or other obligations 'bonds, or other obligations * * * issued for the purpose of acquiring, providing, or constructing * * * water works' within the meaning of the second sentence of Section 225 of the Constitution of Alabama of 1901 and thus not chargeable to the constitutional debt limit of such municipal corporations? In other words, does the term 'water works' as used in said portion of said Section 225 include water works owned by such a water works board?

"(2) If a municipal corporation having a population of less than 6,000

incurs indebtedness for the purpose of making extensions, betterments, improvements, enlargements or repairs which appertain to and form an integral part of a water works system owned by a water works board organized in such municipal corporation pursuant to the provisions of Sections 394 to 402, inclusive, of Title 37 of the Code of Alabama of 1940, as amended, or Act No. 175 adopted at the 1951 Regular Session of the Legislature of Alabama, as amended, has such indebtedness been incurred for the 'construction of or purchase of water works' within the meaning of the first sentence of said Section 225 so as to be a purpose for which the additional indebtedness therein specified may be created? In other words, does the term 'water works' as used in said sentence include water works owned by such a water works board?

"Respectfully,
"/s/ James E. Folsom
"JAMES E. FOLSOM,
"Governor".

As we understand it, your inquiry is: Does a municipal corporation issuing bonds or other obligations, for the purpose of making extensions, etc., to a water works system owned by a water works board organized pursuant to the statutory authority noted in your inquiry, incur debt within the constitutional debt limits of municipalities established by Section 225 of the Constitution of Alabama 1901?

The scope of inquiries for advisory opinions authorized by Section 34 of Title 13, Code of Alabama 1940, does not authorize the Justices to give opinions as to validity of acts which have already passed the legislature and no action of the Governor is dependent on our opinion. In re Opinion of the Justices, 264 Ala. 452, 455, 88 So.2d 778.

The inquiry to which we are here invited to respond, affects the power of every

municipality in the State of Alabama to issue bonds or incur debt for the purposes stated in the inquiry. We are not advised with any certainty as to the amount or provisions of the bonds or other evidences of debt proposed to be issued by such municipalities.

■ Our response would necessarily be based upon hypothetical assumptions on our part to be made without any foundation of fact. We are of opinion that the statute does not authorize the expression of opinions on hypothetical questions. What has been previously said by a majority of the Justices on a former inquiry is here appropriate:

"The inquiry here propounded is clearly beyond the permissible scope of the statute and, however much would be our inclination or desire to defer to the wishes of the senate to give answer in the matter, for the individual justices to embark upon undertakings to give hypothetical opinions as regards the constitutionality of any and all laws extant on the statute books of Alabama would so enlarge their duties and encumber them with work as would seriously jeopardize the proper functioning of the court. You must know the vast volume of work under which the court is laboring from cases properly submitted to it for review from inferior tribunals, and we do not think we would be justified nor that the statute contemplated that these labors be distracted by the individual justices departing from the duties of their office to take the time necessary in studying the law to give answers to such hypothetical questions.

"We think it appropriate at this time to invite attention to the fact that while as individual justices the members of the court, within permissible limits of the statute, are privileged to give their individual opinions on constitutional questions properly submitted to them, yet the court of which they are members is one of appellate review and the constitutionality of statutes should be tested by appropriate adversary proceedings when available or when at all possible. The end result of such proceedings would be of binding force, whereas the opinions promulgated under Title 13, supra, are not." In re Opinion of the Justices, 254 Ala. 177, 178, 179, 47 So.2d 655, 656, 657.

We deem it inappropriate for the Justices to express opinions which would involve the powers of the governing bodies of all municipalities in Alabama, as well as the rights of all taxpayers and citizens of such municipalities, when those parties have had no notice and no opportunity to be heard and when we have not had the benefit of any brief or argument on the issues involved. Under those circumstances, it is particularly appropriate that these questions be decided in adversary proceedings after full argument and consideration of opposing contentions.

■ We must, therefore, respectfully decline to answer the several questions propounded to us.

Respectfully submitted.

J. ED LIVINGSTON
Chief Justice
THOMAS S. LAWSON
ROBERT T. SIMPSON
JOHN L. GOODWYN
PELHAM J. MERRILL
JAMES S. COLEMAN, Jr.
Associate Justices.