238 So.2d 326

**OPINION OF THE JUSTICES.**

**No. 199.**

Supreme Court of Alabama.

Aug. 12, 1970.

Honorable Albert P. Brewer
Governor of Alabama
State Capitol
Montgomery, Alabama 36104

Dear Sir:

The undersigned Justices of the Supreme Court acknowledge receipt of your request for an advisory opinion on the questions presented in your letter addressed to us under date of July 15, 1970, reading as follows:

"The Chief Justice and Associate Justices
The Supreme Court of Alabama
Montgomery, Alabama

"Gentlemen:

"In accordance with the provisions of Title 13, Section 34, Code of Alabama 1940 (Recomp.1958) allowing the Governor to request a written opinion of the Justices of the Supreme Court of Alabama on important constitutional questions, I hereby submit for your consideration and request an advisory opinion on the following questions which have arisen in connection with the contest for the nomination for Alabama Public Service Commission, Place Number 2, in the Democratic Primary of June 2, 1970:

"(1) Does Title 48, Section 5, Code of Alabama 1940 (Recomp.1958), violate the Constitution of Alabama of 1901 because of vagueness, indefiniteness, uncertainty, or unworkableness, or for any other reason under the law?

"(2) Recognizing that every political party in the State of Alabama has an obligation to nominate only persons who are qualified to be elected and serve, and recognizing under Title 48, Section 5, Code of Alabama 1940 (Recomp.1958) that the validity of any party's nomination for a place on the Alabama Public Service Commission may be contingent on the position taken by other political parties and independent candidates for the same office, does Title 48, Section 5, *supra,* violate

the Constitution of Alabama of 1901 in view of the facts and circumstances found and presented within the Findings of Facts, Conclusions of Law, and Order of July 2, 1970, as amended, prepared by the Subcommittee of the State Democratic Executive Committee.

"These questions involve the interests of the State of Alabama, the Alabama Public Service Commission, and political parties and candidates within this state.

"Respectfully,

"/s/ Albert P. Brewer

"Albert P. Brewer

"Governor"

We have carefully considered the propriety of giving an advisory opinion on the constitutionality of an existing statute, to wit, Tit. 48, § 5, Code of Alabama, 1940 (Recompiled 1958), the pertinent part of which provides as follows:

"No two of said public service commissioners shall be elected or appointed from the same congressional district. * * * "

■ 1. The Justices have declined to give an advisory opinion under Tit. 13, § 34, Code of Alabama, 1940, on the general constitutionality of an act of the Legislature or statute. Such requests are considered too broad and indefinite. In re Opinion of the Justices, 216 Ala. 469, 471, 113 So. 584; In re Opinion of the Justices, 226 Ala. 18, 21, 145 So. 481; Opinion of the Justices, 249 Ala. 511, 31 So.2d 721; Opinion of the Justices, 252 Ala. 527, 41 So.2d 775. We have ordinarily restricted advisory opinions to questions on the constitutionality of proposed legislation arising under a stated section or sections of the Constitution. To leave to the Justices the search for all possible avenues of constitutional tests, imposes a task accompanied with such doubt and uncertainty that even those gifted with unusual ingenuity, would retreat from it.

2. To answer your questions would result necessarily in (a) our deciding the contest of nomination, pending before Subcommittee of the State Democratic Executive Committee, Tit. 17, § 373, whose duty it is to hear and try said contest, regardless of the complexities of the case, and (b) our expressing an advisory opinion or opinions on the constitutionality of a statute under any number of conceivable hypothetical assumptions. We do not think that Tit. 13, § 34, Code of 1940, contemplates such a broad scope of inquiry. Not only that, but any advice on our part on the question of the statute's (Tit. 48, § 5) constitutionality would not serve as a guide for immediate or present action required of you by said statute.

3. We do not think that a tribunal charged under the law with hearing and trying a contest may do indirectly that which it may not do directly, that is, make a request of the Justices by requesting the Governor to request of them an advisory opinion on an issue that does not presently involve any action by him. Thus, the present request originated not with the Governor, but with the Contest Subcommittee of the State Committee for whose guidance the advisory opinion is sought, which course of action is not within the purview of Tit. 13, § 34, Code of 1940. To hold otherwise would add a new concept to the prerogatives of § 34 and set a new precedent for litigants to request advisory opinions whenever the constitutionality of a law arises.

■ 4. The Justices have heretofore considered that the scope of inquiries for advisory opinions, contemplated by Tit. 13, § 34, Code of Alabama 1940, does not authorize the Justices to give opinions as to the validity of acts which have already passed the Legislature and no action of the Governor is dependent on their opinion. Opinion of the Justices, 267 Ala. 110, 100 So.2d 565.

For the reasons stated we must respectfully decline to answer the questions propounded to us.

Respectfully submitted,

J. ED LIVINGSTON,
Chief Justice

THOMAS S. LAWSON

ROBERT T. SIMPSON

PELHAM J. MERRILL

JAMES S. COLEMAN, Jr.

DANIEL T. McCALL, Jr.
Justices.

While we are not in disagreement with the opinion expressed by the other Justices, we feel the question presented should be answered for the reasons we set out herein.

We would grant the request of the Governor for an advisory opinion and answer his first question in the affirmative and respectfully decline to answer question No. 2 because we think that the affirmative answer to the first question should be dispositive of the entire request.

Some former and present members of this Court have said that we are not authorized to give opinions as to the validity of acts which have already passed the Legislature, and no action of the Governor is dependent on our opinion. Opinion of the Justices, 267 Ala. 110, 100 So.2d 565 (1958). This is a salutary rule, but we feel that we should not apply it here. We answered a similar request involving the validity of an Act of the Legislature, on which we find no action of the Governor was required, in Opinion of the Justices, 249 Ala. 88, 30 So.2d 14 (1947), and we would adopt the same view here. We have also agreed to construe an Act when it was necessary to answer the constitutional question presented. In re Opinion of the Justices, 252 Ala. 26, 39 So.2d 294 (1949).

We are aware of the fact that members of this Court have refused to pass on whether a *proposed bill* was definite, unambiguous and certain to the extent that the law proposed would be valid if it were enacted. Such refusal to answer appears to have been indulged because the question called for an interpretation of the bill, or its legal effect, rather than its violation of some constitutional provision. Opinion of the Justices, 255 Ala. 656, 53 So.2d 367 (1951); Opinion of the Justices, 256 Ala. 158, 53 So. 2d 739 (1951). In both instances, however, the requests were made by the Legislature regarding *proposed bills,* and we think this a distinguishing fact.

In Opinion of the Justices, 249 Ala. 88, 30 So.2d 14 (1947), supra, we answered a request from then Governor Folsom on the validity of an Act of the Legislature even though it appears that the Act in question required no action by the Governor. Nevertheless, we opined that the Act in question lacked reasonable precision and was so uncertain and indefinite as to render it inoperative. We would apply the same principles to the request here. This for the reason that matters of great public interest are involved and present uncertainties which should be set at rest.

Furthermore, we think the Governor is required indirectly to take some action in connection with the statute here in question. The Constitution of Alabama requires him to see that all the laws are faithfully executed. Section 120, Constitution of Alabama, 1901; see also Opinion of the Justices, 275 Ala. 547, 156 So.2d 639 (1963). Furthermore, the Governor is required to canvass the returns of the general election and proclaim the results. Title 17, Sections 201, 202, Code of Alabama, 1940 (Recompiled, 1958).

Since Section 34 of Title 13 has been considered as authorizing—but not requiring—the individual justices of the Court to give advisory opinions, we would exercise this privilege in this instance and answer the Governor's request.

It is our opinion that Title 48, Section 5, Code of Alabama, 1940 (Recompiled, 1958),

as amended by Act No. 669, Acts of Alabama, 1961, p. 916, lacks in reasonable precision and workableness so as to render it inoperative. Even though the same or similar provision has been in our statutes for over 60 years,[1] the difficulties presented by the law have been overlooked or were unrecognized apparently until the Democratic Primary in 1970, when the two elected nominees of that party seeking separate places on the Commission lived in the same congressional district. The 1961 amendment to Title 48, Section 5, did not address itself to the problem here presented, but was for the sole purpose of providing that congressional redistricting should not serve to disqualify public service commissioners already serving, even though two or more commissioners might be residents of the same congressional district.

It is not known why the flaw in the law which now gives rise to the problem here presented was not previously recognized. The probable answer is that no factual situation had arisen in the past to point out the deficiencies inherent in the statute.

In any event, the question is now presented to us for an advisory opinion, and we think the law is unworkable as presently written and therefore inoperative.

Title 48, Section 2, of the Code requires that two associate commissioners be elected every four years. So long as a candidate is otherwise qualified, no law prohibits him from being a candidate, regardless of the congressional district in which he resides. To enforce the prohibition against having two commissioners from the same congressional district—whether at the primary stage or after the general election—would effectively thwart the will of the people. In the race in question, from the facts presented with the Governor's request, it appears there were candidates who resided in different congressional districts from the winner, but should the winner have to forfeit victory because the defeated candidate lived in a congressional district different from hers or because another candidate, who was unopposed, happened to be from the same congressional district? How could a selection be made between the two nominees who live in the same congressional district? Should one be favored over the other? To ask these questions is sufficient, in our opinion, to show the complete unworkability of the statute.

It is our view that the Legislature—in making the requirement that no two commissioners should reside in the same congressional district—intended to achieve some geographical distribution among the commissioners. If this is the purpose of the statute, then it is certainly within the power of the Legislature .to draft a statute which will validly achieve some geographical distribution among the commissioners. This could easily and lawfully be accomplished by dividing the State into districts and having one commissioner elected from each district.

But the prohibition here stands stark and without any guidelines or directions on how to accomplish this possible purpose of the Act. Assuming that two commissioners from the same congressional district be elected, then the statute presents a question that could not be resolved without grave

---

1. Title 48, Section 5, as amended, reads:

"No two of said public service commissioners shall be elected or appointed from the same congressional district. But this section shall not disqualify or render ineligible for election or appointment any person holding such office on the date of enactment or effective date of any law redistricting the state for election of representatives in congress."

Section 9609 of the 1923 Code reads:

"No two of said public service commissioners shall be elected or appointed from the same congressional district."

Section 5636 of the 1907 Code reads:

"No two of said railroad commissioners shall be elected or appointed from the same congressional district."

Our election laws governing the election of public service commissioners also provide that no two of them shall be elected from the same congressional district. Title 17, Section 66, Code of Alabama, 1940.

injustice to one or the other of the successful candidates. We know of no legal or equitable principles by which a court could be guided to a true result. To try to eliminate one or the other of the successful candidates would be to silence the vox populi evidenced by the election results. We believe its infirmities are now apparent and the statute should be declared inoperative.

Respectfully,

ROBERT B. HARWOOD

HUGH MADDOX
Justices.