320 So.2d 622

**OPINION OF THE JUSTICES.**

**No. 219.**

Supreme Court of Alabama.

Oct. 1, 1975.

The House of Representatives of the State of Alabama by its Resolution No. 357

of the Regular Session of 1975, for a second time, requested an opinion of the Supreme Court of Alabama as to the constitutionality of certain aspects of HB 240, Act No. 130 of said session.

Request for opinion declined.

To the Members of the House of
    Representatives
State Capitol
Montgomery, Alabama

Sirs and Madam:

We have your second request for an advisory opinion as to the constitutionality of Act No. 130 which was passed by the Legislature over the Governor's veto on August 7, 1975. Your request for an opinion, H.R. 357, is dated September 16, 1975, more than a month after Act No. 130 became law.

Advisory opinions of the Justices are authorized by Tit. 13, § 34, Code of Alabama. The statute was passed in 1923, and provides:

> "The governor by a request in writing, or either house of the legislature, by a resolution of such house, may obtain written opinion of the justices of the supreme court of Alabama, or a majority thereof, on important constitutional questions."

The two questions asked in H.R. 357 are:

> "(1) Does the act violate any provision of the Constitution?
>
> "(2) Specifically, is that provision of the act which forbids the members of the first Ethics Commission from serving on the commission created by said Act No. 130 in violation of the Constitution?"

We respectfully decline to answer the questions for two reasons. The first reason is that the scope of inquiries for advisory opinions authorized by Section 34 of Title 13, does not authorize the Justices to give opinions to the Legislature as to the validity or constitutionality of Acts which have already passed the Legislature; and advisory opinions are not issued when requested by the Governor on Acts passed by the Legislature when no action of the Governor is dependent on our opinion. This is not new. It was stated in *Opinion of the Justices*, 264 Ala. 452, 88 So.2d 778 (1956); *Opinion of the Justices*, 267 Ala. 110, 100 So.2d 565 (1958); and *Opinion of the Justices*, 286 Ala. 156, 238 So.2d 326 (1970).

The reason for the rule is simple. After a law has been passed, it is presumed to be constitutional and is the law until the constitutionality of the law is contested in court in an adversary proceeding where the court can have the benefit of briefs and argument of counsel, and where time is not nearly so limited as it is on a request for an advisory opinion. There is an exception. Advisory opinions can be given to a Governor where the Governor is required to act on a law which raises constitutional issues.

The second reason is that the Justices have consistently restricted advisory opinions to questions on the constitutionality of legislation arising under a stated section or sections of the Constitution. Requests such as (1) here—"Does the act violate any provision of the Constitution?"—or "Is the act constitutional" are considered too broad, general and indefinite.

This rule also is not new. It was given as a reason for not answering questions in: *Opinion of the Justices*, 216 Ala. 469, 113 So. 584 (1927); *Opinion of the Justices*, 226 Ala. 18, 145 So. 481 (1933); *Opinion of the Justices*, 249 Ala. 511, 31 So.2d 721 (1947); *Opinion of the Justices*, 252 Ala. 527, 41 So.2d 775 (1949); *Opinion of the Justices*, 286 Ala. 156, 238 So.2d 326 (1970); *Opinion of the Justices*, 291 Ala. 128, 278 So.2d 711 (1973).

In the last-cited opinion, all the Justices approved a statement from a former opinion as follows:

"* * * To leave to the Justices the search for all possible avenues of constitutional tests, imposes a task accompanied with such doubt and uncertainty that even those gifted with unusual ingenuity, would retreat from it."

Question (2) of H.R. 357 is also too broad and indefinite because it asks if a certain provision of the Act is "in violation of the Constitution?" We are constrained to apply the same rule to question (2).

We note that H.R. 357 states that "it is deemed necessary that an advisory opinion is necessary for the guidance of the Governor and the Legislature in taking affirmative action as required by said act."

As previously stated, the Legislature has already passed the Act and it has become law. No further affirmative action is required by the Legislature.

We know of no authority whereby the Legislature can ask for an advisory opinion for the guidance of the Governor, nor whereby the Governor could ask for an advisory opinion for the guidance of the Legislature. Under the separation of powers doctrine, the legislative and the executive branches are separate. Constitution of 1901, Section 42. One department of government is not authorized to ask for advisory opinions for the other; but the statute authorizes either the Governor to ask for an opinion or for "either house of the legislature" to ask for one.

Respectfully submitted,

PELHAM J. MERRILL,
JAMES N. BLOODWORTH,
HUGH MADDOX,
JAMES H. FAULKNER,
RENEAU P. ALMON,
JANIE L. SHORES,
ERIC EMBRY,
    Associate Justices.