To the Members of the House of Representatives
State Capitol
Montgomery, Alabama
Sirs and Madam:
This acknowledges receipt of House Resolution 230 adopted June 29, 1976, which is as follows:
“BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE ALABAMA LEGISLATURE, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the constitutionality of House Bill 582, and each individual provision thereof.
“RESOLVED FURTHER, That the Clerk of the House is hereby directed to send five true copies of the pending bill, H.B. 582, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this resolution.”
Since the adoption in 1923 of the act authorizing advisory opinions, now codified at Title 13, § 34, Code, the justices have consistently declined to give advisory opinions on the general constitutionality of pending legislation, and have restricted such opinions to questions of the constitutionality of pending legislation under specific provisions of the Constitution.
The reason for this position is readily apparent and was restated in 1970 in Opinion of the Justices, No. 199, 286 Ala. 156, 238 So.2d 326, in declining to give an advisory opinion requested by the Governor, as follows:
“1. The Justices have declined to give an advisory opinion under Tit. 13, § 34, Code of Alabama, 1940, on the general constitutionality of an act of the Legislature or statute. Such requests are considered too broad and indefinite. In re Opinion of the Justices, 216 Ala. 469, 471, 113 So. 584; In re Opinion of the Justices, 226 Ala. 18, 21, 145 So. 481; Opinion of the Justices, 249 Ala. 511, 31 So.2d 721; Opinion of the Justices, 252 Ala. 527, 41 So.2d 775. We have ordinarily restricted advisory opinions to questions on the constitutionality of proposed legislation arising under a stated section or sections of the Constitution. To leave to the Justices the search for all possible avenues of constitutional tests, imposes a task accompanied with such doubt and uncertainty that even those gifted with un *393 usual ingenuity, would retreat from it.” (286 Ala. at 158, 238 So.2d at 327)
In this instance, the question propounded, which elicited the comment set out above, is broader than that of the Governor. We, therefore, respectfully decline to render an advisory opinion.
Respectfully submitted,
(s) Howell T. Heflin_ HOWELL T. HEFLIN Chief Justice
(s) James N. Bloodworth_ JAMES N. BLOODWORTH
(s) Hugh Maddox_ HUGH MADDOX
(s) James H. Faulkner_ JAMES H. FAULKNER
(s) Reneau P. Almon_ RENEAU P. ALMON
(s) Janie L. Shores_ JANIE L. SHORES
(s) Eric Embrv_ ERIC EMBRY
(s) Sam A. Beattv_ SAM A. BEATTY Associate Justices