*82 To the Honorable Speaker and Members of the House of Representatives
State Capitol
Montgomery, Alabama
Dear Ladies and Gentlemen:
This will acknowledge H.R. 57, and the subsequent resolution, H.R. 107, requesting our opinion as to the constitutionality of H.J.R. 56. H.R. 57 is not framed so as to question whether the proposed resolution H.J.R. 56 contravenes designated constitutional provisions, but H.R. 107 specifically seeks our opinion on whether H.J.R. 56 violates Ala.Const. art. IV, §§ 45, 61, 62 or 63:
HR. 107 REQUESTING AN ADVISORY OPINION OF THE JUSTICES OF THE SUPREME COURT RELATIVE TO H.J.R. 56.
BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional questions which have arisen concerning the pending resolution, H.J.R. 56, a copy of which is attached to this resolution and made a part hereof by reference:
1. Do the provisions of H.J.R. 56 violate Section 45 of the state constitution which reads in part: “No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length.”?
2. Does H.J.R. 56 violate either section 61, 62 or 63, or any part thereof, of the state constitution?
RESOLVED FURTHER, That the Clerk of the House is hereby directed to send a sufficient number of true copies of the pending resolution, H.J.R. 56, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this resolution.
Since our advisory opinions are limited to questions on the constitutionality of pending legislation under stated sections of the Constitution, we must decline to answer the question propounded in H.R. 57. See, Opinion of the Justices, 294 Ala. 604, 320 So.2d 622 (1975). H.R. 107, however, is sufficiently specific to enable us to address the questions presented in that resolution.
In our opinion, H.J.R. 56 violates Ala. Const, art. IV, § 61, which requires that all laws be passed by bill. Since we opine that H.J.R. 56 is violative of § 61, we believe it unnecessary to discuss the applicability of Ala.Const. art. IV, §§ 45, 62 and 63, the constitutional provisions setting down the required content and form of bills and procedure for their passage.
H.J.R. 56, now pending, reads as follows:
H.J.R. 56 TO EXTEND THE PERIOD OF TIME FOR THE LEGAL OPERATION AND APPLICABILITY OF ACT NO. 80-738, S. 533, 1980 REGULAR SESSION, ALSO APPEARING AS SECTION 8-8-14, CODE OF ALABAMA, 1975, TO JULY 1, 1983.
WHEREAS, Enrolled Act No. 80-738, S. 533,1980 Regular Session (Act 1980, p. *83 1502), also appearing in substance as Section 8-8-14, Code of Alabama 1975, as such Act was enacted by the legislature and approved by the Governor, provides in Section 5 thereof that the provisions of said Act 80-738 shall terminate on July 1, 1981, unless continued by Act or resolution of the legislature; and
WHEREAS, the legislature now desires to extend the termination date to July 1, 1983; now therefore,
BE IT RESOLVED BY THE LEGISLATURE OF ALABAMA, BOTH HOUSES THEREOF CONCURRING, That the provisions of Act No. 80-738, S. 533, 1980 Regular Session (Acts 1980, p. 1503) (Section 8-8-14, Code of Alabama, 1975), shall remain in full force until July 1, 1983, and shall terminate on said date unless continued further by Act or resolution of the legislature.
The joint resolution seeks to extend until July 1, 1983, the operation of 1980 Ala. Act No. 80-738, (appearing substantially at Code 1975, § 8-8-14), which by its terms will expire on July 1, 1981, unless “continued by Act of the Legislature or joint resolution ....”
In Opinion of the Justices, 381 So.2d 183 (Ala.1980), we addressed an issue which we believe dispositive of the question here propounded. There a joint resolution was proposed to alter certain legislative procedures, i. e., the legislative order of business for the review of agencies under the “Sunset Law,” Code 1975, §§ 41-20-1 through -15. Since the order of business was prescribed by § 41-20-10, we viewed the resolution as an attempt to amend that statute. We found that an amendment must comport with the same constitutional requirements as an original statute, and, because Ala.Const. art. IV, § 61 provides “[n]o law shall be passed except by bill ...,” we stated that no law could be amended except by bill.
In the opinion we recognized the power of the legislature to adopt its own rules, not inconsistent with the Constitution. We said:
If the Joint Resolution dealt only with an internal rule of the legislature, not set forth in a state law, it would be a valid exercise of power. However, the Joint Resolution does not merely change a rule of procedure. In actuality, it amends a state law.
Id., 381 So.2d at 185.
The Constitution requires that laws be amended by bill, and the power of the legislature to adopt rules of procedure notwithstanding, a joint resolution cannot be used to amend a statute.
Likewise, H.J.R. 56 in effect seeks to amend a statute, because the resolution is an attempt to extend the term of a statute otherwise expiring. Since we have said the constitution requires that amendments be passed by bill, it is clear that a resolution of the legislature is ineffective to amend the provisions of Act 80-728, even though that act provides for a continuation of its terms by joint resolution. In order to accomplish the result sought by H.J.R. 56, a bill is required.
Respectfully submitted,
C. C. TORBERT, Jr., Chief Justice
HUGH MADDOX,
JAMES H. FAULKNER,
RENEAU P. ALMON,
JANIE L. SHORES,
T. ERIC EMBRY,
SAM A. BEATTY,
OSCAR W. ADAMS, Jr., Associate Justices