SHAW, Justice
(concurring specially).
In the matter before this Court, Mobile County Probate Court Judge Don Davis references an order of the United States District Court for the Southern District of Alabama that states: “Ala. Const. Art. I, § 36.03 (2006) and Ala.Code 1975, § 30-1-19 are unconstitutional.... ” Searcy v. Strange (Ms. 14-0208, Jan. 23, 2015). Judge Davis then notes that on February 8, 2015, Alabama’s Chief Justice issued an administrative order stating that “no Probate Judge of the State of Alabama nor any agent or employee of any Alabama Probate Judge shall issue or recognize a marriage license that is inconsistent with Article I, Section 36.03, of the Alabama Constitution or § 30-1-19, Ala.Code 1975.”
The matter Judge Davis filed in this Court states that it “is filed in order to give this Honorable Court acting as the entire Supreme Court of Alabama the opportunity to review the application of the above Administrative Order.” This invitation to “review” the administrative order issued by the Chief Justice, in my view, is a request for an advisory opinion. However, only the governor or the legislature may request an advisory opinion. Ala. Code 1975, § 12-2-10 (“The Governor, by a request in writing, or either house of the Legislature, by a resolution of such house, may obtain a written opinion of the justices of the Supreme Court of Alabama or a majority thereof on important constitutional questions”). See also Opinion of the Justices No. 199, 286 Ala. 156, 158, 238 So.2d 326, 327 (1970) (“[T]he present request originated not with the Governor, but with the Contest Subcommittee of the State Committee ..., which course of action is not within the purview of [§ 12-2-10]. To hold otherwise would add a new concept to the prerogatives of [§ 12-2-10] and set a new precedent for litigants to request advisory opinions whenever the constitutionality of a law arises”). This Court is not empowered “ ‘to give advisory opinions, however convenient it might be to have these questions decided for the government of future cases.’ ” Stamps v. Jefferson Cnty. Bd. of Educ., 642 So.2d 941, 944 (Ala.1994) (quoting Town of Warrior v. Blaylock, 275 Ala. 113, 114, 152 So.2d 661, 662 (1963) (emphasis omitted)). See also AIRCO, Inc. v. Alabama Pub. Serv. Comm’n, 360 So.2d 970, 971 (Ala. 1978) (“To render an opinion based solely upon the Commission’s alleged improper actions (without seeking a remedy therefrom) or upon its prospective improprieties would be to render impermissible advisory opinions.”).